STUDIO ELECTRICAL TECHNICIANS LOCAL 728, Plaintiff-Appellant,

v.

INTERNATIONAL PHOTOGRAPHERS OF the MOTION PICTURE INDUSTRIES, LOCAL 659, et al., Defendants-Appellees.

No. 77–2541.

United States Court of Appeals, Ninth Circuit.

June 12, 1979.

Ralph B. Saltzman, Stephen Warren Solomon, Inc. (argued), Marina del Rey, Cal., on brief; Charles G. Ognlnik, Marina del Rey, Cal., for plaintiff-appellant.

Leo Geffner, Geffner & Satzman (argued), Los Angeles, Cal., on brief; Michael B. Posner, Los Angeles, Cal., for defendants-appellees.

Before WRIGHT and TRASK, Circuit Judges, and CALLISTER, District Judge.*

EUGENE A. WRIGHT, Circuit Judge.

Local 728 of the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators (International) appeals from a dismissal of its suit against the International and Local 659 for breach of the union's constitution. It argues that the court erred in concluding that (1) jurisdiction was lacking under § 301(a) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), and (2) it had failed to exhaust intra-union remedies. We affirm on the jurisdictional ground and do not reach the exhaustion question.

* Of the District of Idaho.

## FACTS

Local 728 asserts that the union's constitution was violated when the International allowed Local 659 to represent workers over whom Local 728 claims jurisdiction.

The constitution gives Local 728 jurisdiction over "all persons engaged as motion picture studio set electricians, floormen, lamp operators, and all persons engaged on all electrical apparatus used in the making and taking of motion and still pictures." The constitution includes in Local 659's jurisdiction "all persons engaged as directors of photography . . . and any person doing work and/or photography of any nature, kind, or description."

In 1967 and 1969, the International, representing both locals, entered into collective bargaining agreements with several employers. The agreements contained the job classification, "lighting director," which included the responsibility for supervising the placement of lighting equipment. Local 728 interpreted the constitution to assign lighting directors to its jurisdiction, and although the record is unclear, some of its members apparently held such positions.

The 1973 agreement deleted the classification of lighting director and used instead "director of photography." The constitution explicitly gives Local 659 authority over directors of photography.

Local 728 asserts it has jurisdiction over those with lighting director duties, and contends the International violated the constitution by transferring control to Local 659. It also argues that the International and Local 659 violated § 101(a)(3) of the Labor Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 411(a)(3), in requiring those performing lighting director duties to pay dues and an initiation fee to Local 659.[1]

Local 728 sought relief within the union, appealing unsuccessfully to the General Executive Board on several occasions after 1973. Under the constitution, it could have appealed the Board's decision to the union convention in August 1976. Instead, it filed this action in the district court in June 1976.

■ On the appellees' motion, the court dismissed the action,[2] reasoning that it lacked jurisdiction under LMRA § 301 and, alternatively, that Local 728 failed to exhaust intra-union remedies.

Although the district court did not deal specifically with the § 101(a)(3) claim, it did hold the union constitution was not a contract and therefore that it lacked jurisdiction under LMRA § 301. Since we agree with the district court's conclusion, we also do not reach the merits of the § 101(a)(3) claim.

1. LMRDA § 101(a)(3) provides that "the rates of dues and initiation fees payable by members of any labor organization . . . shall not be increased" without approval by the membership or governing body by specified procedures.

In its complaint, Local 728 alleged that its members who were "fully qualified to perform the work of lighting director . . . were required to pay a separate and additional fee [to Local 659] in addition to an initiation fee previously paid to LOCAL 728 in order to perform work clearly within the jurisdiction of LOCAL 728", in violation of LMRDA § 101(a)(3).

In effect, Local 728 asserts that the International's interpretation of the constitution, which gave Local 659 authority over those who performed lighting director duties, increases without proper approval the dues and initiation fees of its own members who want to perform those duties.

Local 728's § 101(a)(3) claim, therefore, is essentially a stretched reiteration of its constitutional claim. This is supported by Local 728 asserting jurisdiction for a LMRDA § 101 violation under a different act, LMRA § 301 dealing with union constitutions, instead of properly under LMRDA § 102.

2. Appellees moved for summary judgment, arguing that the court lacked jurisdiction and appellant failed to exhaust intra-union remedies. The motion was inappropriate.

Summary judgment is on the merits. 6 J. Moore, Federal Practice ¶ 56.03 (2d ed. 1976). Lack of jurisdiction and failure to exhaust administrative remedies are matters in abatement, and ordinarily do not deal with the merits. Id., Thornhill Publishing Co. v. General Telephone & Electronics Corp., 594 F.2d 730 at 733 (9th Cir. 1979); Durham v. Mason and Dixon Lines, Inc., 404 F.2d 864 (6th Cir. 1968). Therefore, they should be raised by a motion to dismiss. Moreover, the court should treat them as such even though they are raised by a motion for summary judgment. Moore, supra.

Here, it is unclear how International's motion was treated; the court "let judgment be entered accordingly." We assume that it treated the motion as one to dismiss.

## DISCUSSION

■ Section 301(a) of the LMRA, 29 U.S.C. § 185(a), provides:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

Local 728 argues that jurisdiction exists under this section because its suit for violation of the union constitution is contemplated by the phrase "suits for violation of contracts . . . between labor organizations."

We addressed this question recently in *Stelling v. International Brotherhood of Electrical Workers*, 587 F.2d 1379 (9th Cir. 1978), and concluded that, while a suit for breach of a union constitution could be cognizable under § 301, jurisdiction is not conferred "if [the] controversy is related only to a union dispute which will not affect external labor relations." *Id.* at 1384.[3] Applying this standard, we held jurisdiction was lacking under § 301 when local members alleged that the international and local unions violated the union's constitution by denying them the right to vote on the ratification of a collective bargaining agreement.

Although the local members in *Stelling* asserted that the dispute's resolution would have had "a major impact" on collective bargaining and labor relations, "the crux of their action [was] an interpretation of the union constitution." We found that the dispute "exemplifie[d] the kind of intra-union issue that [did] not affect labor-management relations without further specific allegations of such impact." *Id.*

Here, Local 728 asserts that the term "directors of photography" in the constitution should be interpreted to exclude those with lighting directors' duties. As in *Stelling*, the crux of its action is an interpretation of the union constitution.

Local 728 contends that it has alleged sufficient facts to indicate an effect on external labor relations. First, it notes that the words "directors of photography" also appear in the collective bargaining agreement. It appears to assert that the International's interpretation of the language in the constitution affects the construction of the agreement, which in turn would affect labor relations. We are unconvinced that there is enough of a nexus between the interpretation of the constitution and external labor relations to warrant taking jurisdiction under LMRA § 301. *See Stelling*, 587 F.2d at 1384; *1199 DC, National Union of Hospital and Health Care Employees v. National Union of Hospital and Health Care Employees*, 175 U.S.App.D.C. 70, 72–73, 533 F.2d 1205, 1207–8 (1976); *Smith v. United Mine Workers of America*, 493 F.2d 1241 (10th Cir. 1974); *Hotel & Restaurant Employees Local 400 v. Svacek*, 431 F.2d 705 (9th Cir. 1970).[4]

---

3. This is because "Congress and the courts have been uniformly reluctant to permit judicial intervention in ongoing internal union affairs." *Stelling*, 587 F.2d at 1384.

4. *Local Union 1219, United Brotherhood of Carpenters and Joiners of America v. United Brotherhood of Carpenters and Joiners of America*, 493 F.2d 93 (1st Cir. 1974), and *Local Union No. 657 of United Brotherhood of Carpenters and Joiners of America v. Sidell*, 552 F.2d 1250 (7th Cir. 1977), relied on by appellant, are distinguishable.

In *Local Union 1219*, the local sued the international for failing to protect it as against another local and for failing to authorize employees to hire through it rather than through the other local.

There, external labor relations were substantially affected. As a consequence of the International's action, the local had been unable to place its members in jobs and had lost much of its membership. Local 728 does not allege comparable facts.

In *Sidell*, the local sued the international to prevent enforcement of a directive ordering the local to affiliate with a district council. The local alleged that it had "established stable and harmonious working relationships through contracts with contractors in [its] [c]ounty," 552 F.2d at 1255, and consequently the affiliation would "cause immeasurable harm and interference with its present relationship and contracts

Local 728 also alleges that industrial peace is threatened because, under International's interpretation of "directors of photography," its members must take orders from members of Local 659. In so doing they would be acting "at their own peril" because they would violate Local 728's rules.[5] It does not suggest any specific instances of disciplinary problems. The threat to industrial peace is too speculative to support a conclusion that external labor relations are affected.[6]

We cannot agree that Local 728 has alleged sufficient facts to bring this action within the scope of § 301.[7]

Because we hold that the district court lacked jurisdiction under § 301, we do not reach the question whether Local 728 sufficiently exhausted intra-union remedies.

AFFIRMED.

with its employers." *Id.* Similar effects on labor-management contracts are not alleged here.

5. Local 728's rules prohibit a member from answering to "some person other than the highest rated Local employee with regard to lighting."

6. Local 728 cites *Parks v. International Brotherhood of Electrical Workers*, 314 F.2d 886 (4th Cir. 1963). There, the local and its members sued the international when it revoked the local's charter. The court found that the dispute had "traumatic industrial and economic repercussions." Such circumstances are not present here.

7. This conclusion also disposes of Local 728's LMRDA § 101(a)(3) claim. *See* note 1 *supra.*