621 F.2d 1032
 104 L.R.R.M. (BNA) 3021, 89 Lab.Cas. P 12,144
 WASHINGTON LOCAL LODGE NO. 104 OF the INTERNATIONAL
BROTHERHOOD OF BOILERMAKERS, AFL-CIO, et al.,
Plaintiffs-Appellees,
v.
The INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP
BUILDERS, BLACKSMITHS, FORGERS AND HELPERS,
AFL-CIO, Defendant-Appellant.
Phil MITCHELL, Ed Haddix, Victor Allinger, Laurence Dickson,
Robert Matherly, Roger Fontaine, Fred Herschel,
Ronald Gattin, Frank Lavadour and all
others similarly situated,
Plaintiffs-Appellees,
v.
INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP
BUILDERS, BLACKSMITHS, FORGERS AND HELPERS, AFL-CIO, a labor
organization; Oregon Local Lodge No. 72 of the International
Brotherhood of Boilermakers, Iron Ship Builders,
Blacksmiths, Forgers and Helpers, AFL-CIO, a labor
organization, Defendants-Appellants.
 Nos. 79-4427, 79-4621.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 4, 1980.
Decided June 25, 1980.
 
 Herman L. Wacker, William A. Roberts, Seattle, Wash., for defendants-appellants.
 Janes A. Grutz, Jackson, Ulvestad, Goodwin & Grutz, Seattle, Wash., for plaintiffs-appellees.
 Appeal from the United States District Court for the Western District of Washington.
 Appeal from the United States District Court for the District of oregon.
 Before WRIGHT and SCHROEDER, Circuit Judges, and TAYLOR, Senior District Judge.*
 EUGENE A. WRIGHT, Circuit Judge:
 
 
 1
 Each of these related cases was filed originally in a state court. Because the plaintiffs in each case did not contest the defendant's petition to remove to federal court, the district courts made no findings on the question of federal jurisdiction. For a determination of the difficult jurisdictional issues, we must remand to the district courts.
 
 FACTS
 
 2
 The International Brotherhood of Boilermakers held hearings in the spring of 1979 in Portland and Seattle to solicit union members' views on proposed changes in union jurisdiction. Following the hearings, and pursuant to the Union Constitution, the International's Executive Council determined that these changes would be made:
 
 
 3
 (1) field construction workers, previously members of the same locals as ship and dock workers, would be transferred to newly-created field construction locals;
 
 
 4
 (2) the new field construction locals would be affiliated with a new district lodge for the Pacific Northwest.
 
 
 5
 In response to these announced changes, the present actions were filed. In No. 79-4227, Local 104 and some union members brought an action in state court in Seattle to halt the proposed changes. After removal, the federal district judge enjoined the International from making the changes unless and until it held a "meaningful hearing" after "proper notice" as required by the Constitution of the International.
 
 
 6
 Meanwhile, individual members of Local 72, but not the Local itself, filed a similar action in state court in Portland. After removal to federal court, the district judge by preliminary injunction enjoined the International from executing the proposed changes pending a full hearing on the merits.
 
 JURISDICTION
 
 7
 The jurisdictional issues are muddled because of the circumstances. Normally, a complaint in federal court must plead jurisdictional facts. The district judge may then determine whether the action is properly brought in federal court.
 
 
 8
 Here, however, each complaint was filed in state court and of course neither recited any basis for federal jurisdiction. Because the plaintiffs in each case were satisfied with a federal forum, they did not contest the removal. The district judges did not raise the jurisdictional issues sua sponte.
 
 
 9
 When jurisdiction may not exist, however, the court must raise the issue even if the parties are willing to stipulate to federal jurisdiction. Fed.R.Civ.P. 12(h)(3). See, e. g., Wong v. Bacon, 445 F.Supp. 1177 (N.D.Cal.1977).
 
 
 10
 Upon our request, each party briefed the jurisdictional issues. Of all possible bases for jurisdiction asserted,[1] only one has merit: LMRA § 301, 29 U.S.C. § 185(a).[2] As we recently stated:
 
 
 11
 It is well settled in this court that "if a controversy is related only to a union dispute which will not affect external labor relations, § 301 does not provide a basis for jurisdiction."
 
 
 12
 Lodge 1380 etc. v. Dennis, (9th Cir. April 29, 1980) slip op. at 2913, quoting Stelling v. IBEW Local 1547, 587 F.2d 1379, 1384 (9th Cir. 1978), cert. denied, 442 U.S. 944, 99 S.Ct. 2890, 61 L.Ed.2d 315 (1979).
 
 
 13
 The crucial jurisdictional question, then, is whether the changes announced by the International will affect external labor relations. A mere assertion of such effect, without factual substantiation, will not suffice. Studio Electricians Technicians Local 728 v. International Photographers, etc., 598 F.2d 551, 554 (9th Cir. 1979).
 
 
 14
 Both sets of plaintiffs allege that the new system ordered by the International will adversely affect them in relation to employers. At oral argument before us, counsel for Local 104 asserted that some 200 members of the local now in construction work in Hanford, Washington will be discharged at once if these changes are effected.
 
 
 15
 According to the complaint and supporting affidavits, union members who do not qualify for higher-paying construction work are now allowed to work in construction when enough qualified construction workers are unavailable. It may be that they will be unable to do so under the new system and it is alleged, as noted above, that those now working in construction will lose their jobs if the new changes take effect. If this allegation has factual support, there may be a substantial effect on external labor relations, and federal jurisdiction under § 301 does exist.
 
 
 16
 This court has no way to evaluate the substance of this assertion.[3] The International vehemently denies there will be any loss of jobs and characterizes the allegations as pure speculation.
 
 
 17
 It is then for the district court in each case to determine whether the complaints raise substantial issues of effect on external labor relations. The district courts may receive testimony and other evidence to determine whether the allegations rise above the level of mere speculation.
 
 
 18
 If the courts find that the International is correct and the allegations are speculative, they will remand to the state courts. If they are satisfied that a real threat to labor/management relations exists, then they may reinstate their injunctions.
 
 
 19
 Both causes are remanded to the respective district courts for 90 days for the limited purpose of determining whether federal jurisdiction exists. Those courts will make findings of fact in accordance with F.R.C.P. 65(d) and 52(a).
 
 
 20
 Should either court determine that federal jurisdiction does not exist it will remand to state court. Should either court find federal jurisdiction, it may reinstate the injunctions and issue findings of fact.
 
 
 21
 Appellants will then cause a copy of such findings to be filed with the clerk of this court, and the matter will again be considered by this panel.
 
 
 22
 REMANDED.
 
 
 
 *
 Of the District of Idaho
 
 
 [1]
 All other bases for jurisdiction urged in the briefs and at oral argument are inapposite. 29 U.S.C. § 464 grants federal courts jurisdiction to hear actions arising from an International's placing a local in trusteeship. No such action was taken here. A mere assertion in a complaint that a local is fearful of trusteeship cannot confer federal jurisdiction. Otherwise, federal jurisdiction would be available in any intra-union squabble, if the complaint were drafted carefully
 The same rationale applies to the assertion that jurisdiction can be founded on 29 U.S.C. § 412 which provides a federal forum for actions arising from violations of the union members' "Bill of Rights" in § 411. There is no allegation in either complaint of any violation of the "Bill of Rights."
 Rather, the complaints assert that the plaintiffs are fearful that violations would come about if the new system were to take effect. Again, if artful complaints can confer federal jurisdiction, then federal courts would become open forums for intra-union disputes.
 At oral argument counsel suggested that 29 U.S.C. § 501 provides jurisdiction because the complaints assert, in effect, a breach of fiduciary duty by union officials. That section, however, applies only to actions against union officials. These actions were brought against the International itself.
 
 
 [2]
 29 U.S.C. § 185(a) provides:
 Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.
 
 
 [3]
 No employer or group of employers has appeared as amicus curiae or sought to intervene, indicating perhaps that management sees no effect on external labor relations