GENERAL TEAMSTERS LOCAL 162;
Joseph M. Edgar and Calvin R.
Rogers, Plaintiffs,

v.

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, CHAUFFEURS, WARE-
HOUSEMEN AND HELPERS OF
AMERICA, Frank E. Fitzsimmons and
Ray Schoessling, Defendants,

and

Line Drivers, Pickup and Delivery,
Local Union No. 81, Intervenor.

Civ. No. 81–332BE.

United States District Court,
D. Oregon.

May 14, 1981.

BELLONI, District Judge.

This action is presently before the court on plaintiffs motion for preliminary injunction. Based upon exhibits in the record and testimony received at a hearing held on May 4, 1981, I make the following findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52.

The underlying facts which give rise to this dispute are largely uncontested. For a number of years, plaintiff Local 162 has represented the employees of a business entitled K–Lines. Likewise, for a number of years intervenor, Local 81, had represented the employees of a business entitled Transport Services. In June, 1979, K–Lines purchased a number of trucks from Transport Services and hired the individuals who had been operating them while owned by Transport Services to continue to operate them. A dispute arose between Local 162 and Local 81 over which local had jurisdiction over the employees of K–Lines, including the ex-Transport Services employees. Pursuant to Article XII, Section 12 of the constitution of the International Brotherhood of Teamsters, Local 81 presented this dispute to the Executive Board of the Joint Council of Teamsters No. 37 for resolution. On July 12, 1979, the Joint Council of Teamsters No. 37 awarded jurisdiction over the K–Lines employees to Local 81.

On July 22, plaintiff, Local 162, filed an appeal, as provided for by Article XII, Section 12, with the president of defendant International Brotherhood of Teamsters (IBT). On August 7, 1979, the president of IBT entered a stay of all proceedings pending his resolution of the matter.

In August, 1979, Local 81 filed petitions in the National Labor Relations Board

(NLRB) requesting that an election be held to determine whether Local 81 or Local 162 would be entitled to represent the employees of K–Lines. Local 162 lodged an objection to this procedure with defendant IBT and asserted that the appropriate manner in which to resolve the dispute was through the internal union appellate process set out in Article XII, Section 12. Defendant IBT directed Local 81 to retract the petitions. Local 81 complied with this directive.

Despite the stay of proceedings ordered by the IBT, on September 23, 1979, Local 162 entered into an oral collective bargaining agreement with K–Lines. When defendant IBT was apprised of this fact, it directed Local 162 not to sign the agreement. Local 162 followed this directive and as a result thereof K–Lines filed a petition in the NLRB alleging a failure to bargain in good faith and seeking an order directing Local 162 to sign the collective bargaining agreement.

On January 24, 1980, the president of IBT affirmed the decision of Joint Council No. 37 which had awarded jurisdiction over K–Lines employees to Local 81.

Thereafter, K–Lines' petition in the NLRB came up for decision. At no time did Local 162 appear in the NLRB proceeding, instead it allowed a default judgment to be taken against it. Local 81 attempted to intervene in the proceeding, however, its request was denied. It found the Local 162 was "and is now, the lawfully designated exclusive collective bargaining representative" of K–Lines' employees and that Local 162, by refusing to sign the collective bargaining agreement to which it had agreed, had failed to bargain in good faith. It ordered Local 162 to sign the collective bargaining agreement and to post certain notices which essentially recited that it would no longer fail to bargain in good faith.

On November 19, 1980, the Ninth Circuit Court of Appeals enforced the decision of the NLRB. The petition for enforcement was unopposed. On December 3, 1980, Local 162 signed the collective bargaining agreement.

In January, 1981, defendant IBT directed Local 162 to comply with its decision, made pursuant to Article XII, Section 12, awarding jurisdiction over K–Lines employees to Local 81. Local 162 can comply with this decision by disclaiming all interest in representing the bargaining unit at issue. Local 162 refused to disclaim. On March 18, 1981, after notice and hearing, IBT suspended Local 162 from participating in the affairs of the International Union for failure to comply with the jurisdictional award.

As a result of the suspension, plaintiff Edgars has been suspended from his position on Joint Council No. 37. This is because plaintiff Edgars is a member of Local 162 and a requirement of holding office on a Joint Council is membership in a local which is in good standing with IBT. The testimony at the hearing tended to show that as a result of the suspension plaintiffs were suffering the following harm: 1). Strike benefits from IBT are being denied to members of Local 162 who are on strike. (Currently, only a very small number of individuals are on strike.) 2). Local 162 is being denied use of the union newspaper, except for the purposes of publishing meeting notices. 3). Local 162 will be excluded from the international convention this summer, except for the purpose of appealing the jurisdictional award. 4). The suspension hinders administration of collective bargaining grievance procedures. 5). Plaintiff Edgar can no longer mediate labor disputes. 6). Members of Local 162 and employers with which it has contracts are concerned about its status. I further find that Local 162 could rid itself of the above disadvantageous consequences by complying with IBT's request to disclaim any interest in representing the K–Lines bargaining unit.

The primary relief which plaintiffs seek through this action is removal of the suspension. They contend that they were justified in refusing to disclaim, because such a disclaimer would violate the judgment of the Ninth Circuit which enforced the NLRB decision. They contend that the suspension is a breach of the union constitution and is

a violation of section 101 of the Labor-Management Reporting & Disclosure Act, 29 U.S.C. § 411.

"One moving for a preliminary injunction assumes the burden of demonstrating either a combination of probable success and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor." *Wm. Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 526 F.2d 86 (9th Cir.1975). I do not find that plaintiffs are entitled to preliminary injunctive relief under either of these tests. The harm plaintiffs are suffering is not substantial. Moreover, plaintiffs' claims appear to have very little chance of probable success on the merits.

First of all, it appears unlikely that the court has jurisdiction under either of the asserted bases of jurisdiction: 29 U.S.C. §§ 185(a) & 412. As to § 412, this is not a voting rights dispute. As to § 185(a), it does not appear that external labor relations are sufficiently affected. *See Studio Technicians Local 728 v. International Photographers*, 598 F.2d 551 (9th Cir.1979). Second, assuming jurisdiction under § 185(a), it does not appear that the suspension was invoked in violation of any of the provisions of the union constitution. Third, assuming that the constitution prohibits the IBT from suspending a local for refusing to disclaim when such a disclaimer would violate the law, I still find very little chance of success on the merits, because I am not convinced that the requested disclaimer would violate the law. *See Dycus v. N.L.R.B.*, 615 F.2d 820 (9th Cir.1980).

At best serious legal questions are presented and I am unable to find that the balance of hardships tips *decidedly* in plaintiffs' favor.

THEREFORE, IT IS ORDERED that plaintiffs' motion for a preliminary injunction is DENIED.

IT IS FURTHER ORDERED that the temporary restraining order previously entered is VACATED.