**STAUFFER CHEMICAL COMPANY, Plaintiff-Appellant,**

v.

**FOOD & DRUG ADMINISTRATION, Defendant-Appellee.**

No. 80–5769.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 11, 1981.

Decided Jan. 20, 1982.

---

Eugene I. Lambert, Washington, D. C., for plaintiff-appellant.

Susan J. Atkinson, Washington, D. C., for defendant-appellee.

Before WRIGHT, KENNEDY and SKO-PIL, Circuit Judges.

SKOPIL, Circuit Judge.

The district court found no jurisdiction because Stauffer failed to exhaust its administrative remedies.

■ Some exhaustion requirements are statutorily specified jurisdictional prerequisites. Others are judicially developed and courts have discretion to modify them. *Montgomery v. Rumsfeld*, 572 F.2d 250, 252–53 & nn.2–3 (9th Cir. 1978). The FDA does not argue that exhaustion is statutorily prescribed here. As a result, the district court had jurisdiction and discretion to require exhaustion. In exercising its discretion a court balances "the interests of the agency in applying its expertise, correcting its own errors, making a proper record, enjoying appropriate independence of decision and maintaining an administrative process free from deliberate flouting, and the interests of private parties in finding adequate redress for their grievances." *Stratman v. Watt*, 656 F.2d 1321, 1326 (9th Cir. 1981) (quoting *Montgomery v. Rumsfeld, supra*, 572 F.2d at 253).

■ The district judge balanced the relevant factors, though he erred in calling the question jurisdictional rather than discretionary. He held that "[t]he opinion letter from Mr. Quinn [did] not initiate any enforcement action by the FDA", and that "in this case, which involves interpretation of complex agency rules and comprehension of scientific data in an area over which the FDA clearly has jurisdiction, the agency must not be deprived of an opportunity to develop and scrutinize a complete administrative record." He noted that Stauffer would "suffer no extraordinary hardship if judicial review is withheld at this time." He noted that there was no evidence that filing a petition to amend the standard with the FDA would be futile. It is therefore unnecessary to remand to permit the district court to exercise its discretion. *Compare Stratman v. Watt, supra.*

In general, action by subordinate agency officials is not final agency action subject to judicial review. *See Abbott Laboratories v. Gardner*, 387 U.S. 136, 151, 87 S.Ct. 1507, 1516, 18 L.Ed.2d 681 (1967); *National Automatic Laundry & Cleaning Council v. Shultz*, 443 F.2d 689, 700 (D.C. Cir.1971). FDA regulations permit interested persons to appeal decisions of a subordinate FDA employee to that employee's supervisor. 21 C.F.R. § 10.75(a)(3) (1981). Review is discretionary, but will be granted to review important policy questions and where required by delegations of authority. 21 C.F.R. § 10.75(c) (1981).

The relevant factors favor exhaustion. Stauffer would not be harmed significantly by having to seek internal review. The agency has a substantial interest in retaining the ability to review decisions by subordinate officials.

The district court granted the FDA's motion for summary judgment. Because failure to exhaust administrative remedies is a matter in abatement, it should be raised by a motion to dismiss. Summary judgment is on the merits. *Studio Electrical Technicians Local 728 v. International Photographers Local 659*, 598 F.2d 551, 552 n.2 (9th Cir. 1979). Accordingly, the motion for summary judgment should have been treated as a motion to dismiss. We affirm the district court's dismissal, and remand to permit the district court to vacate the award of summary judgment.

AFFIRMED and REMANDED.