Marcus Dwayne BLEVINS,
Plaintiff–Appellant,

v.

G.B. GARIBAY; et al., Defendants–
Appellees.

No. 02–15609.

D.C. No. CV–98–02285–WBS(JFM).

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 15, 2002.

Before FERNANDEZ, GRABER, and
GOULD, Circuit Judges.

MEMORANDUM **

Marcus Dwayne Blevins, a California state prisoner, appeals pro se the district court's judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging violation of his constitutional right to access to the courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment. *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir.1998). We vacate and remand.

The district court properly dismissed the action for failure to exhaust administrative remedies. *See Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Failure to exhaust

administrative remedies, however, is a matter in abatement and should be raised in a Fed.R.Civ.P. 12(b) motion rather than in a summary judgment motion. *Wyatt v. Terhune*, 305 F.3d 1033 (9th Cir.2002). Accordingly, we vacate the judgment and remand to the district court to enter a dismissal without prejudice. *See Stauffer Chemical Co. v. Food & Drug Admin.*, 670 F.2d 106, 108 (9th Cir.1982) (remanding to district court where summary judgment should have been treated as a motion to dismiss).

The parties shall bear their own costs on appeal.

VACATED AND REMANDED for entry of judgment dismissing without prejudice.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.