Harry David LONG, Plaintiff—
Appellant,

v.

James H. GOMEZ, Director; Charles D. Marshall, Warden, California State Prison at Pelican Bay; David Gene Lewis, Correctional Officer at California State Prison at Pelican Bay, Defendants—Appellees.

No. 02–15062.

D.C. No. CV–98–02679–SBA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Decided Nov. 15, 2002.

Before HAWKINS, GRABER, and RICHARD C. TALLMAN, Circuit Judges.

MEMORANDUM *

The district court granted summary judgment, reasoning that Harry Long had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

Long's "substantial compliance" argument fails because he did not properly

---

complete the steps for administrative review. Long asserts that after his initial appeal he filed other grievances. These grievances, however, are only tangentially related to his grievance regarding the shooting. Long offers no sufficient explanation as to why he failed to follow the administrative procedures after he learned in November 1997 that the two CDC investigations into the shooting were completed.

Long essentially asks us to read a new exception into the PLRA: that when the final decision maker reviews an investigation pertaining to the subject matter of the grievance, it excuses the inmate's failure to appeal the prison's response to that grievance. This we may not do. *Booth v. Churner*, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

At a minimum, Long should have administratively appealed once he had notice on November 30, 1997, that the shooting complied with CDC policy on breaking up inmate fights.

Long did not exhaust applicable administrative procedures. The failure to exhaust in the PLRA context is properly considered as a failure to state a claim upon which relief may be granted under Fed.R.Civ.P. 12(b) instead of warranting summary judgment under Fed.R.Civ.P. 56. *Wyatt v. Terhune*, 305 F.3d 1033, 1044–45 (9th Cir.2002). Dismissal of the action is proper, but not in the form of a judgment on the merits. We therefore vacate the award of summary judgment and remand so the district court can enter a judgment of dismissal. *See Stauffer Chem. Co. v. Food & Drug Admin.*, 670 F.2d 106, 108 (9th Cir.1982). Each party to bear its own costs.

JUDGMENT VACATED; REMANDED with instructions to enter a judgment of dismissal.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by NINTH CIRCUIT RULE 36–3.