John COLLETTE, Plaintiff–Appellant,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR, Defendant–Appellee.

No. 02–35800.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted June 9, 2003.*

Decided June 18, 2003.

Before: RYMER, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM **

John Collette appeals pro se the district court's summary judgment in his action, which sought judicial review of the Department of the Interior Board of Land Appeals' ("IBLA") decision affirming the Bureau of Land Management order declaring his unpatented mining claim forfeited. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Doe v. Dept't of Educ.*, 111 F.3d 678, 681 (9th Cir.1997), and we vacate and remand.

Collette contends that he was not required to exhaust the issue of whether the IBLA sent notice to his brother of the stay in the prior appeal to the IBLA. Because Collette failed to raise the issue before the IBLA, he is barred from raising it in this action. *See Red Top Mercury Mines, Inc. v. United States,* 887 F.2d 198, 206 (9th Cir.1989).

Collette's contention that the IBLA should be estopped from requiring exhaustion is unpersuasive because Collette did not show, and the record does not reveal, that the IBLA engaged in affirmative misconduct. *See Bolt v. United States,* 944 F.2d 603, 609 (9th Cir.1991) (requiring affirmative misconduct to estop a government agency from enforcing legal requirements).

However, failure to exhaust nonjudicial remedies should be treated as raised in a motion to dismiss if raised in a motion for summary judgment. *See Inlandboatmens Union of Pac. v. Dutra Group,* 279 F.3d 1075, 1083 (9th Cir.2002) An action should be dismissed without prejudice when a plaintiff has failed to exhaust administrative remedies. *See Ritza v. Int'l Longshoremen's & Warehousemen's Union,* 837 F.2d 365, 368–69 (9th Cir.1988) (per curiam). Accordingly, we vacate the summary judgment and remand to the district court to enter an order dismissing the action without prejudice. *See Stauffer Chemical Co. v. Food & Drug Admin.,* 670 F.2d 106, 108 (9th Cir.1982).

Each party to bear his own costs on appeal.

**VACATED AND REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Collette's request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.