Gary Maurice TOWNES, Plaintiff,

v.

E. PAULE, (sued erroneously as "Polley"), et al., Defendants.

No. CIV. 05CV0264JAHAJB.

United States District Court, S.D. California.

Dec. 13, 2005.

**1212**

Gary Maurice Towens, in pro per.

Deputy Attorney General G. Michael German, San Diego, CA, for Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT WITHOUT PREJUDICE

HOUSTON, District Judge.

### INTRODUCTION

Plaintiff, a state prisoner proceeding *pro se*, filed a complaint, pursuant to 42 U.S.C. § 1983, alleging defendants violated his constitutional rights. In lieu of an answer, defendants Brunner, Castillo and Paule (collectively "defendants") filed a motion to dismiss the complaint on the grounds that plaintiff failed to comply with the exhaust requirement set forth by the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 636(b)(1), the Honorable Anthony J. Battaglia, United States Magistrate Judge, submitted a report and recommendation ("report") to this Court recommending defendants' motion be granted. Objections to the report were due by September 30, 2005, but neither party filed objections. After careful con-

sideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court **ADOPTS** the magistrate judge's report in its entirety and **GRANTS** defendants' motion in its entirety.

### BACKGROUND

The instant complaint, filed on February 7, 2005, alleges that, on January 6, 2004, defendant Paule used excessive force upon plaintiff by pushing and kicking him while handcuffed causing physical injuries. The complaint further alleges defendants Brunner and Castillo did nothing to stop defendant Paule's attacks on plaintiff.

Defendants filed the instant motion to dismiss the complaint on June 21, 2005. Plaintiff filed an opposition (erroneously labeled "Traverse") to the motion on July 7, 2005. Defendants filed a reply to plaintiff's opposition on August 17, 2005. The magistrate judge's report was filed on September 6, 2005. No objections were filed by any party.

### DISCUSSION

**1. Legal Standard**

■ The district court's role in reviewing a Magistrate Judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district court "shall make a *de novo* determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." *Id.* When no objections are filed, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974); *Johnson v. Nelson*, 142 F.Supp.2d 1215, 1217 (S.D.Cal. 2001). Under such circumstances, the Ninth Circuit has held that "a failure to

file objections only relieves the trial court of its burden to give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo.*" *Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir.1989) (citing *Britt v. Simi Valley Unified Sch. Dist.,* 708 F.2d 452, 454 (9th Cir.1983)).

### 2. Analysis

The Court received no objections to the report and no request for an extension of time in which to file any objections. As such, the Court assumes the correctness of the magistrate judge's factual findings and adopts them in full. The Court has conducted a *de novo* review, independently reviewing the report and all relevant papers submitted by both parties, and finds that the report provides a cogent analysis of the issues presented in the motion. Specifically, this Court agrees with the magistrate judge's conclusion that plaintiff failed to exhaust his administrative remedies prior to filing the instant complaint and thus finds the complaint must be dismissed without prejudice. *See Booth v. Churner,* 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

### CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. The findings and conclusions of the magistrate judge presented in the report and recommendation are **ADOPTED** in their entirety; and

2. The instant complaint is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

Report and Recommendation to Grant Motion to Dismiss [Doc. No. 9]

BATTAGLIA, United States Magistrate Judge.

Defendants Brunner, Castillo and Paule move to dismiss the claims set forth against them in Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to comply with the Prison Litigation Reform Act's (PLRA) exhaustion requirement. Plaintiff has filed an opposition and the Defendants have filed a reply brief. These motions are appropriate for submission on the papers and without oral argument pursuant to Local Rule 7.1(d)(1). For the reasons set forth herein, it is recommended that Defendants' Motion to Dismiss be GRANTED without prejudice.

### Background

Plaintiff Gary Maurice Townes is an inmate incarcerated at the Richard J. Donovan Correctional Facility. Plaintiff initiated this action on February 7, 2005, when he filed the instant complaint alleging that on January 6, 2004. Defendant Paule used excessive force against him by pushing and kicking him while he was handcuffed. According to Plaintiff's Complaint, he suffered a sprained finger, multiple bruises, and a lower back injury that "is yet to be fully diagnosed." Pla. Compl. at 4. Plaintiff also claims that Defendants Brunner and Castillo "stood by and did nothing to stop the unlawful attacks" allegedly perpetrated by Defendant Paule. *Id.*

In section D.2 of his Complaint, Plaintiff states that he previously sought and exhausted all administrative remedies required by the PLRA. 42 U.S.C. § 1997e. However, in the statement of facts in his Complaint, Plaintiff states that he "did not engage in administrative remedie[s] via the 602 process, as it was made clear that the officers were being found guilty, and no further administrative actions would be required or in any way beneficial." Pla. Compl. at 4. Plaintiff bases his assertion on the fact that he filed a citizen's complaint under section 3391(b) of the California Code of Regulations, Title 15, under penal-

ty of perjury, which was subsequently investigated by Internal Affairs and the allegations contained therein sustained.

### Legal Standard

■ Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner or offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524, 122 S.Ct. 983 (*citing Booth*, 532 U.S. at 739 n. 5, 121 S.Ct. 1819). However, without the possibility of some relief, the administrative officers would presumably have no authority to act on the subject of the complaint, leaving the inmate with nothing to exhaust. *Booth*, 532 U.S. at 736 n. 4, 121 S.Ct. 1819.

■ The purpose of section 1997e(a) was to reduce the quantity and improve the quality of prisoner suits and to provide corrections officials with the time and opportunity to address complaints internally, before allowing the prisoner to initiate a federal case. *Porter*, 534 U.S. at 525, 122 S.Ct. 983 (2002). As articulated by Ninth Circuit opinions, there are two principal policies behind the administrative exhaus-

tion rule. The first is to protect an administrative agency's authority by giving the agency the first opportunity to resolve a controversy before a court intervenes in the dispute. *Ngo v. Woodford*, 403 F.3d 620, 624 (9th Cir.2005). The second is to promote judicial efficiency by either resolving the dispute outside of the courts, or by producing a factual record that can aide the court in processing a plaintiff's claim. *Id.* Thus, exhaustion must occur prior to filing the suit and the prisoner may not exhaust while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir.2002).

The California Department of Corrections' administrative grievance system for prisoner complaints states that "[a]ny inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Cal.Code Regs., tit. 15 § 3084, et seq., at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal.Code Regs. tit 15, § 3084.5 (2004). A prisoner is required to submit the appeal within 15 work days of the event or decision appealed or of receiving an unsatisfactory decision on a lower level. 15 Cal. Admin. Code § 3084.6(c). The regulations require the use of specific forms but contains no guidelines for grievance content. 15 Cal. Admin. Code §§ 3084.2, 3085 (designating use of CDC Form 602 Inmate/Parolee Appeal Form for all grievances except those related to disabilities under the Americans with Disabilities Act, which are filed on CDC Form 1824, Reasonable Modification or Accommodation Request). Prisoners ordinarily must present their allegations on one informal and three formal levels of review.

15 Cal. Admin. Code § 3084.5. The informal level is waived for and the appeals coordinator must bypass the first formal level for certain classes of appeals. 15 Cal. Admin. Code § 3084.5(a)(3), (b).[1] The institution head or his designee reviews appeals on the second level. 15 Cal. Admin. Code § 3084.5(e)(1). Decisions on the third level, the Director's Level of Review, cannot be appealed and conclude the administrative process. 15 Cal. Admin. Code § 3084.1(a).

There is a split in the circuits over whether "all administrative remedies" are exhausted when there is no further process available to the inmate within the grievance system (which would happen if an inmate fails to file an administrative appeal), or whether it is necessary that the inmate reach this endpoint having availed himself of every process at every turn (which would require all appeals to be timely pursued to avoid procedural default). Put another way, whether the PLRA requires simple exhaustion or something more-"proper" exhaustion, as it were. *Compare Ross v. County of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir.2004) ("[T]he PLRA, like 28 U.S.C. § 2254, contains a procedural default concept within its exhaustion requirement."), and *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir.) (same), *cert. denied* 537 U.S. 949, 123 S.Ct. 414, 154 L.Ed.2d 293 (2002), with *Thomas v. Woolum*, 337 F.3d 720, 723 (6th Cir. 2003) ("[W]e hold that so long as an inmate presents his or her grievance to prison officials and appeals through the available procedures, the inmate has exhausted his or her administrative remedies, and a prison's decision not to address the grievance because it was untimely under prison rules shall not bar the federal suit.").

In addressing this divergence of opinions among the circuits, The Ninth Circuit has held that even though the PLRA uses language similar to that of § 2254, nothing in the PLRA mentions procedural default or indicates an intent to bar prisoners suits when they fail to meet administrative time requirements mandated by prisons. *Ngo*, 403 F.3d at 628. In fact, in *Ngo*, the Court found that "the language of § 1997e(a) strongly suggests that an exhaustion requirement defers, not bars, a federal suit: inmates may not sue until such administrative remedies as are available are exhausted." *Id.*; 42 U.S.C. § 1997e(a).

Furthermore, the Ninth Circuit has rejected treating PLRA exhaustion as a pleading requirement or requiring exhaustion to be established by the complaint. *Wyatt v. Terhune*, 315 F.3d 1108, 1119–20 (9th Cir.2003)(Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaus-

---

1. Per 15 Cal. Admin. Code § 3084.5(a)(3), the informal level shall be waived for appeal of: (A) Classification committee actions; (B) Serious disciplinary infractions; (C) Classification staff representative actions; (D) Departmental regulations, policies, or operational procedures; (E) Exceptional circumstances defined in section 3084.7; (F) Any action which the appeals coordinator determines cannot be resolved informally; (G) Alleged misconduct by a departmental peace officer; or (H) The denial of disabled inmate or parolee requests for reasonable modification or accommodation filed on CDC Form 1824 (1/95), Reasonable Modification Or Accommodation Request, pursuant to section 3085.

15 Cal. Admin. Code § 3084.5(b), First formal level. All appeals shall be initially filed and screened at the first level. The appeals coordinator may bypass the first formal level for appeal of: (1) A policy or procedure implemented by the institution head; (2) A policy, procedure or regulation implemented by the department; (3) An issue which cannot be resolved at the division head's level; e.g., appeal of a regular transfer; or (4) Serious disciplinary infractions.

tion.). *See also,* Civil Rights of Institutionalized Persons Act, § 7(a), 42 U.S.C.A. § 1997e(a); *Ngo v. Woodford,* 403 F.3d 620 (9th Cir.2005)(Defendants have burden of raising and proving prisoner's failure to exhaust under PLRA.). In order to demonstrate failure to exhaust under Prison Litigation Reform Act (PLRA), defendants must specify which remedies remain available to the prisoner. *Id.*

■ In *Wyatt,* the Ninth Circuit explained that the proper method to establish nonexhaustion of nonjudicial administrative remedies that are not jurisdictional, was by way of an unenumerated Rule 12(b) motion, rather than a summary judgment motion.[2] The Ninth Circuit based this assertion on the general principle that "[s]ummary judgment is on the merits,"[3], whereas "dismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits."[4] In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. *See Ritza,* 837 F.2d at 369. If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice. *See id.* at 368 n. 2.

■■ However, a prisoner's concession that he or she failed to exhaust administrative remedies pursuant to the requirements of the PLRA is a valid ground for dismissal of complaint challenging conditions of confinement, so long as no exception to exhaustion applies. *Wyatt,* 315

F.3d at 1120. In determining whether special circumstances justified prisoner's failure to exhaust administrative remedies as required by the PLRA, appropriate standard is whether a similarly situated individual of ordinary firmness would have been deterred from following regular procedures. *Hemphill v. New York,* 380 F.3d 680 (2nd Cir.2004).

### Discussion

Defendants argue that pursuant to the PLRA, an inmate must exhaust all administrative remedies prior to bringing suit under section 1983. Defendants rely on *Booth* for their argument that even inmates that are seeking only monetary damages must complete a prison administrative appeal process capable of providing some form of relief, even if the process does not make specific provision for monetary relief. 532 U.S. at 731, 121 S.Ct. 1819, 149 L.Ed.2d 958. Further, Defendants argue that section 1997e(a) provides no exceptions to the exhaustion requirement. Defendants quote *Booth* as holding that the Supreme Court would "not read futility or other exceptions into statutory exhaustion requirements where congress has provided otherwise . . . that Congress has provided in section 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." *Booth,* 532 U.S. at 741 n. 6, 121 S.Ct. 1819.

■ As a result, even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaus-

---

2. *Wyatt,* 315 F.3d at 1119 (*citing Ritza v. Int'l Longshoremen's & Warehousemen's Union,* 837 F.2d 365, 368 (9th Cir.1988)) (*per curiam*); *see also Inlandboatmens Union of the Pac. v. Dutra Group.* 279 F.3d 1075, 1078 n. 1, 1083–84 (9th Cir.2002); *Stauffer Chem. Co. v. FDA,* 670 F.2d 106, 108 (9th Cir.1982); *Studio Elec. Technicians Local 728 v. Int'l*

*Photographers of the Motion Picture Indus. Local 659,* 598 F.2d 551, 552 n. 2 (9th Cir. 1979).

3. *Stauffer Chem.,* 670 F.2d at 108

4. *Heath v. Cleary,* 708 F.2d 1376, 1380 n. 4 (9th Cir.1983).

tion is a prerequisite to suit. *See id.*, at 741, 121 S.Ct. 1819. The Supreme Court in *Porter v. Nussle*, as well as several Federal Courts of Appeals have held that prisoners alleging assaults by prison guards, as the Plaintiff does in this case, must meet § 1997e(a)'s exhaustion requirement before commencing a civil rights action. 534 U.S. 516, 525, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Smith v. Zachary*, 255 F.3d 446 (7th Cir.2001); *Higginbottom v. Carter*, 223 F.3d 1259 (11th Cir. 2000); *Booth v. Churner*, 206 F.3d 289 (3rd Cir.2000); *Freeman v. Francis*, 196 F.3d 641 (6th Cir.1999).

 As set forth above, failure to exhaust administrative remedies is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Wyatt*, 315 F.3d at 1119–20. To this end, Defendants argue that Plaintiff has, by his own admission, not engaged in administrative remedies via the 602 process, because he did not believe that it was required or would in any way be beneficial. Compl. at 4. Defendants have also provided declarations from an Appeals Coordinator and the Chief of Inmate Appeals, both stating that Plaintiff has not filed any third-level appeals relating to the subject matter of this action.[5]

While Plaintiff's admission that he did not exhaust all available administrative remedies prior to filing suit is sufficient grounds to grant Defendants motion, the Court will address Plaintiff's argument that he satisfied the underlying purpose of section 1997e and the 602 process. Plaintiff asserts on two separate grounds that he satisfied the underlying purpose of section 1997e. First, Plaintiff contends that the 602 process can afford him no remedy as he seeks monetary damages which the administrative process cannot provide. Second, the Plaintiff argues that the citizens complaint he filed under section 3391(b) satisfies the requirements of section 1997c.

 Plaintiff submitted as an attachment to his Opposition papers a photocopy of a "Inmate/Parolee Screening Form" as known as Form 602. Pla. Opp. at Exhibit F. There are some indications that the form may have been altered to "white out" information that was added to the form by Appeals Coordinator J.I. Stovall to indicate the reasons for rejecting the appeal.[6] Regardless of whether alterations were made to the form, Plaintiff's appeal which appears to have been reviewed and rejected on June 27, 2005, over eighteen months after the incident, was not denied for untimeliness and did not proceed through to the third and final level of appeal. Since the appeal was not denied as untimely, Plaintiff can and should proceed with his appeal via the 602 process until he exhausts all administrative remedies. The Court is not moved by Plaintiff's argument that he was not required to engage in

---

**5.** "There is a mistaken notion that taking judicial notice of court records ... means taking judicial notice of the existence of facts asserted in every document of a court file, including pleadings and affidavits. The concept of judicial notice requires that the matter which is the proper subject of judicial notice be a fact that is not reasonably subject to dispute. Facts in the judicial record that are subject to dispute, such as allegations in affidavits, declarations, and probation reports, are not the proper subjects of judicial notice even though they are in a court record." B. Jefferson, California Evidence Benchbook (3d ed.2003 update), § 47.10.

**6.** It appears that there were alterations made to this form to remove the date in the top right corner and to remove writing from the area of the form indicating the reason the appeal was returned to the Plaintiff, which states that "[y]ou have not attempted to resolve the problem on an informal level w/".

administrative remedies via the 602 process.

Plaintiff suggests that he satisfied the requirements of 42 U.S.C. § 1997e(a) by filing under oath a citizens complaint under Section 3391(b) of the California Code of Regulations, Title 15. Plaintiff argues that by filing the complaint under section 3391(b), he satisfied the underlying purpose of § 1997e(a) to promote administrative redress, filter out groundless claims, and foster better prepared litigation of claims aired in court. *See Booth,* 532 U.S. at 737, 121 S.Ct. 1819. Additionally, Plaintiff contends that filing under section 3391(b) is the favored process because the complaint was sworn under oath and was investigated by Internal Affairs thereby providing a more fair and meaningful investigation of his complaint. See Opp. at 5.

■ The Court is again, not persuaded by Plaintiff's argument. The form for a citizens complaint under section 3391(b) is designated for use only by non-inmates and clearly states at the bottom that any complaints by inmates should be completed on the inmate/parolee Form 602. Furthermore, it is no longer sufficient for an inmate simply to give prison officials notice of the complaint by cooperating with other investigations, as was sufficient in such pre-PLRA "substantial compliance" cases. *See Patsy v. Board of Regents,* 457 U.S. 496, 511, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1981). *Rumbles v. Hill,* 182 F.3d 1064 (9th Cir.1999). In the post-PLRA cases courts have emphasized that "the exhaustion requirement in § 1997e(a) is directed at exhausting the prisoner's administrative remedies," and that Use of Force or other investigations do not satisfy the PLRA's dictates. *See Garrett v. Hawk,* 127 F.3d 1263, 1265 (10th Cir.1997) ("Congress amended § 1997e to make the exhaustion provisions mandatory rather than discre-

tionary."). In determining whether the inmate has exhausted his or her remedies, we thus look to the inmate's grievance, not to other information compiled in other investigations. Since Plaintiff provided only a copy of the rejection of his grievance filed via Form 602 and not the actual grievance, it is unclear whether he sought both money damages and redress of the injunctive relief as set forth in his Complaint. While the 602 process cannot award money damages, it could potentially provide relief on Plaintiff's request for injunctive relief, and as such, the 602 administrative appeal process was capable of providing some form of relief. *Booth,* 532 U.S. at 731, 121 S.Ct. 1819.

While California regulations provide that a prisoner "must submit the appeal within 15 working days of the event or decision being appealed," it is not clear that the expiration of this 15–day period would foreclose plaintiff from obtaining relief through the administrative appeals process. Cal.Code Regs. § 3084.6(c). The California regulations recognize the need for exceptions to the regular appeals process. See, e.g.,Cal.Code Regs. § 3084.7. The Court will not assume that all of plaintiff's administrative remedies are foreclosed because more than 15 days have passed since the events about which he complains. *See Jackson v. District of Columbia,* 254 F.3d 262, 269–70 (D.C.Cir.2001) (holding warden's comment that there was nothing he could do and that the prisoner should "file in the court" did not exempt prisoner from exhaustion requirement); *Graham v. Perez,* 121 F.Supp.2d 317, 322 (S.D.N.Y. 2000) (dismissing complaint without prejudice although time for filing prison grievance had expired).

Moreover, in light of the Supreme Court's admonishment not to read "futility or other exceptions" into § 1997e(a), even if plaintiff was able to show a likelihood

that his administrative appeal will be dismissed as untimely, such showing would not suffice to excuse compliance with the exhaustion requirement. *See Booth,* 532 U.S. at 740–41 n. 6, 121 S.Ct. 1819. Indeed, the state administrative scheme at issue in Booth, like that in California, includes time limitations for filing the initial appeal and any appeal from a decision thereafter. *See Booth,* 532 U.S. at 740–41, 121 S.Ct. 1819. In Booth, the plaintiff did not pursue his administrative remedies beyond the first of three levels provided and the period for filing the next level appeal had long since ended. *Booth,* 121 S.Ct at 1821–22. Nevertheless, the Supreme Court affirmed the dismissal of the plaintiff's complaint without prejudice. *Id.* at 1821–22, 1825. Here, similarly, even if the time for plaintiff to file an administrative appeal has expired, the exhaustion requirement is not excused. The prisoner must still submit his untimely grievance to the prison and appeal all denials of his claims completely through the prison's administrative process to satisfy the PLRA's exhaustion requirement. *Ngo v. Woodford,* 403 F.3d 620 (9th Cir.2005). It is for the prison to decide whether to exercise its discretion and accept or refuse the opportunity to hear the case on the merits regardless whether the grievance is timely filed, *Id.* As explained in *Ngo,* the failure to exhaust administrative remedies bars a remedy in federal court if one is still available in the state's administrative system. *See Franklin v. Johnson,* 290 F.3d 1223, 1230–31 (9th Cir.2002).

### Conclusion

For the reasons set forth above, the Court hereby recommends that Defendants' Motion to Dismiss be GRANTED and the Plaintiff's Complaint be dismissed without prejudice, as Defendants have adequately demonstrated that the prisoner has not exhausted all available administrative remedies and the Plaintiff has conceded the failure to exhaust with no applicable exception to exhaustion being present in this case. This Recommendation does not forever terminate Plaintiff's ability to seek redress for the wrongs he allegedly suffered. Plaintiff may return to court to file a new action and pursue his legal remedies after he exhausts his administrative remedies, subject to any applicable statute of limitations or other defenses.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these findings and recommendations are submitted to the United States District Judge assigned to this case. Within 20 days after being served with these findings and recommendations, plaintiff may file written objections. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

September 2, 2005.