MEMORANDUM *
The Alliance for the Wild Rockies appeals the summary judgment entered in favor of the United States Forest Service and United States Fish and Wildlife Service on its claims under the Endangered Species Act and the National Forest Management Act relating to the Northeast Yaak Project in Kootenai National Forest in Montana. We affirm.
The Alliance’s contentions mainly center on what it calls the “2006 Rule Set.” However, the “2006 Rule Set” was simply an internal document that is not final agency action. See Franklin v. Massachusetts, 505 U.S. 788, 797, 112 S.Ct. 2767, 120 L.Ed.2d 636 (1992); Stauffer Chem. Co. v. FDA, 670 F.2d 106, 108 (9th Cir.1982). It is, therefore, irrelevant.
To the extent the appeal can be read to encompass the adequacy of consultation with respect to the 1987 Forest Plan as applied in 2007, we believe that the deci-sional documents for the Northeast Yaak Project — the 2007 ROD, the 2007 Supplemental Biological Assessment, and the Final Supplemental Environment Impact Statement — are sufficient to warrant deference. See Kern County Farm Bureau v. Allen, 450 F.3d 1072, 1080-81 (9th Cir. 2006); Trout Unlimited v. Lohn, 559 F.3d 946, 959 (9th Cir.2009) (“It is not our role to ask whether we would have given more or less weight to different evidence, were we the agency. Assessing a species’ likelihood of extinction involves a great deal of predictive judgment. Such judgments are entitled to particularly deferential review.”). The agencies are not obliged to adopt specific findings of any particular study; rather, “consideration” suffices. Kern, 450 F.3d at 1081. Here, both the 1997 Wakkinen Study and mortality data from 2000-2005 were “considered.” As the Forest Service took note of the Wakki- *169 nen Study as well as new evidence of bear mortality, and its human causes — and the Alliance points to no data that was omitted from consideration — we cannot conclude that its final action was arbitrary and capricious. See Lands Council v. McNair, 537 F.3d 981, 993 (9th Cir.2008) (en banc).
Even if preserved, Alliance’s suggestion on appeal that the agencies should have reconsulted on the 1987 Forest Plan and 1995 Incidental Take Statement in light of new information, see 50 C.F.R. § 402.16(b), fails given that the Forest Service reiniti-ated consultation with the Fish and Wildlife Service on March 23, 2007. The Fish and Wildlife Service then concurred in the Forest Service’s finding of no adverse effect.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.