**Frederick D. BENNETT,
Plaintiff–Appellant,**

v.

**M. KING; Cable; A. Lopez; McGee; Bebe; Riley; Carmichael; Edwards; Hailey, C.O.; Cruz, Correctional Officer; Whitford; Smith; Christ, Correctional Order and Officer; Vanderhoffen, Opinion Correctional Officer; Stacey; Leovich, Correctional Officer; Birondo, Sgt.; Lucas, Sgt., Defendants–Appellees.**

**No. 97–15848.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 1998.[1]

Filed June 11, 2002.

1. The panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Frederick D. Bennett, pro se.

Before REINHARDT, NOONAN and HAWKINS, Circuit Judges.

ORDER AND OPINION

NOONAN, Circuit Judge.

### ORDER

The order filed on March 7, 2000 is hereby withdrawn.

### OPINION

Frederick Douglas Bennett appeals the dismissal of his civil rights complaint for failure to file an amended complaint alleging only claims for which he had exhausted available administrative remedies. We affirm the judgment of the district court entered pursuant to the Prison Litigation Reform Act of 1996 (PLRA), 42 U.S.C. § 1997e(a) (West Supp.2000).

### PROCEEDINGS

Frederick Douglas Bennett is an inmate of the Pelican Bay State Prison of the State of California. According to the lengthy narrative that constitutes his complaint, Bennett for religious reasons wears dreadlocks. Dreadlocks are permitted by the prison. A corrections officer, however, contended that his hair was in braids, not dreadlocks, and ordered Bennett to unbraid his hair. When Bennett refused, a series of harassments by prison officers allegedly resulted. He was several times denied food. He was given torn bed sheets. His legal papers were lost. His access to the law library was restricted. He was assaulted by officers intending to inflict pain on him as they removed him from his cell.

In 1995 Bennett began pro se a civil rights suit against the warden and nineteen other officers of the prison. The suit was filed in the Southern District of California. On December 4, 1996, it was dismissed to permit refiling in the proper venue, the Northern District of California. The suit was refiled on February 3, 1997,

so that the exhaustion provisions of the PLRA apply to the complaint.

On February 12, 1997, the district court ruled that all of Bennett's claims were governed by 42 U.S.C. § 1997e(a) requiring the exhaustion of administrative remedies before bringing an action "with respect to prison conditions." The district court accordingly dismissed with leave to file an amended complaint alleging only claims for which Bennett had exhausted available administrative remedies. Bennett was also directed to file documentary proof that he had exhausted each claim by having presented it in a prison appeal to the third and final level of review.

On February 18, 1997, Bennett was charged by prison officials with breaking his cup in his cell, refusing to submit to restraints, breaking the sprinkler in his cell, and assaulting staff. According to his account, he was removed to a "Cap Cell" where he was permitted a maximum of three pounds of personal property. Any legal work done by Bennett required special authorization by the facility lieutenant. His legal materials were boxed and removed from his possession. As a result of these restrictions, Bennett failed to amend his complaint in thirty days. On March 27, 1997, his action was dismissed by the district court, and the clerk was directed to close the file.

On April 8, 1997, Bennett refiled his original complaint with added documentation but no evidence of appeal to the third level of review, the Director of Corrections in Sacramento. On April 14, 1997, he filed with the district court the information explaining his delay in amending. The district court construed the refiled complaint as in part a motion for reconsideration of the order of dismissal and denied it as both untimely and as not responsive to the court's earlier order.

Bennett appeals.

## ANALYSIS

■ *Excusable Delay.* Bennett's unchallenged explanation of why he was not able to comply with the district court's deadline for amendment of his complaint served as excuse. An extension of time should have been granted this pro se litigant. *Eldridge v. Block,* 832 F.2d 1132, 1136 (9th Cir.1987). His refiled complaint must be considered in terms of the other ground on which it was dismissed.

■ *Claims Seeking Relief From Prison Conditions.* The complaint presents a man who is intelligent, who asserts his rights, and who is not easy on his jailers. As we have before us only his statements, we are not in a position to adjudicate their truth. We treat them as true for the purpose of determining the sufficiency of his complaint.

The Supreme Court has now authoritatively concluded "that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, ——, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002). Bennett did not exhaust his administrative remedies.

AFFIRMED.