[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 18, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11132
Non-Argument Calendar

_____

D. C. Docket No. 04-00007-CV-3

MENACHEM PRI-HAR,

Plaintiff-Appellant,

versus

CORRECTIONS CORPORATION OF AMERICA, INC.,
JOE D. SNODDY, CURTIS A. RANUM,
GALEY GATES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(November 18, 2005)

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

On appeal, Menachem Pri-Har, a prisoner proceeding pro se, appeals the entry of summary judgment against him in his diversity action and the denial by the district court of his motion for recusal. The district court entered summary judgment based on Pri-Har's failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

Pri-Har is a federal prisoner confined in McRae Correctional Facility, a prison operated by Corrections Corporation of America ("CCA") pursuant to a contract with the Bureau of Prisons ("BOP"). Pri-Har argues that he was not subject to the exhaustion requirement of § 1997e(a), and that he nevertheless complied with § 1997e(a) by exhausting his available administrative remedies. Pri-Har further argues that the district court's rulings demonstrated a lack of impartiality sufficient to warrant recusal under 28 U.S.C. § 455(a).

We review a district court's grant of summary judgment de novo. Skrtich v. Thorton, 280 F.3d 1295, 1299 (11th Cir. 2002). The moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). If the non-moving party bears the ultimate burden of proof regarding the claim at issue in the motion, that party,

2

in response to the motion, must go beyond the pleadings and establish, through competent evidence, that there truly is a genuine, material issue to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "When deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party." Rojas v. Florida, 285 F.3d 1339, 1341-42 (11th Cir. 2002) (internal citation and quotations omitted). We also review the district court's interpretation of the PLRA de novo. Troville v. Venz, 303 F.3d 1256, 1259 (11th Cir. 2002). We review the district court's refusal to recuse itself for abuse of discretion. Bivens Gardens Office Bldg., Inc. v. Barnett Banks of Fla., Inc., 140 F.3d 898, 905 (11th Cir. 1998).

Pri-Har first argues that as a federal prisoner in a privately run prison he is not required to exhaust CCA's administrative remedies because the BOP lacks the legal authority to place him in a private facility. Thus, Pri-Har reasons, he satisfied the requirements of § 1997e(a). Prior to 1996, the PLRA's exhaustion requirement only applied to state prisoners. Porter v. Nussle, 534 U.S. 516, 523, 122 S.Ct. 983, 987, 152 L.Ed.2d 12 (2002). As amended in 1996, the PLRA now states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

3

correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). We have held that § 1997e(a) "now applies to both federal and state prisoners." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). By its terms, § 1997e(a) applies to prisoners confined in "any" prison. Accordingly, § 1997e(a) applies to federal criminal prisoners in any prison, regardless of whether it is a federal prison or a privately operated facility.

Pri-Har next argues that he was not required to exhaust CCA's grievance procedure, but only to exhaust the BOP procedure, because CCA did not have the legal or contractual authority to create a grievance procedure.

Section 1997e(a)'s mandate to exhaust "such administrative remedies as are available" is mandatory. Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005), petition for cert. filed, (No. 05-6336) (Sept. 8, 2005). We have interpreted the term "available" as used in this section as acknowledging that "not all prisons actually have administrative remedy programs." Alexander, 159 F.3d at 1326. We have also held that when a state provides a grievance procedure, state inmates must exhaust that procedure before filing suit in federal court. Johnson, 418 F.3d at 1156 (quoting Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000)). CCA made a grievance procedure available to its inmates. Because Pri-Har was able to utilize that grievance procedure, he was required to exhaust it before filing his

4

lawsuit.

Pri-Har next argues that a disposition at the initial stage of the grievance procedure by the Warden or his associates both rendered CCA's grievance procedures futile and exhausted his available administrative remedies. We do not review the effectiveness of available administrative remedies. Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). Furthermore, an assertion that available administrative procedures are futile does not excuse the requirement of exhaustion. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). Pri-Har's arguments take issue with the manner in which CCA's administrative procedures are structured, challenging their adequacy and effectiveness. Although CCA's grievance procedures were available within the meaning of § 1997e(a), and Pri-Har was required to exhaust them before filing suit, there is no evidence that Pri-Har completed all the remaining steps of CCA's grievance procedure. Therefore, Pri-Har failed to exhaust his available administrative remedies.

Pri-Har's final contention regarding the grant of summary judgment is that CCA's grievance procedure lacked time limits for responses by prison officials, that the failure to implement time limits, in and of itself, exhausted his administrative remedies, and that by not having a timely response to his grievances he satisfied the exhaustion requirement. As a result of the 1996 amendment of the

PLRA, administrative remedies are no longer required to be plain, speedy, and effective. Porter, 534 U.S. at 524, 122 S.Ct. at 988. We recognized that "[t]he removal of the qualifiers 'plain, speedy, and effective' from the PLRA's mandatory exhaustion requirement indicates that Congress no longer wanted courts to examine the effectiveness of administrative remedies but rather to focus solely on whether an administrative remedy is 'available' in the prison involved." Alexander, 159 F.3d at 1326. Because an administrative remedy does not have to be speedy, the absence of a time frame in which prison officials must respond to grievances does not per se satisfy the exhaustion requirement of § 1997e(a). In this case, there is no evidence of a failure to respond that prevented Pri-Har from utilizing CCA's grievance system. Pri-Har's four grievance forms, which appear to be at step three in CCA's five step process, were submitted by Pri-Har between December 15, 2003, and January 8, 2004. Pri Har's complaint was dated January 13, 2004, and filed January 23, 2004, approximately one month later. At the time the complaint was filed, the CCA Managing Director for Division IV, who responded at step five, had not responded to his grievances. Pri-Har, therefore, failed to exhaust his available administrative remedies as required by the PLRA before filing this lawsuit.

Finally, Pri-Har argues that the district court erred in refusing to recuse itself

6

under 28 U.S.C. § 455(a) based on the lack of an extrajudicial source for bias because the court's rulings themselves reflected a lack of impartiality sufficient to warrant recusal. The standard for recusal under § 455 is "whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000). The extrajudicial source doctrine applies to § 455(a), but it is not the exclusive basis for recusal. Liteky v. United States, 510 U.S. 540, 551,554-55, 114 S.Ct. 1147, 1155,1157, 127 L.Ed.2d 474 (1994). Although judicial rulings alone "almost never constitute a valid basis for a bias or partiality motion," they are a valid basis "if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." Id. 510 U.S. at 555, 114 S.Ct. at 1157. The recommendation of the magistrate and orders of the district court do not reflect the antagonism on the part of either judge that would make fair judgment impossible. Accordingly, the district court did not abuse its discretion in denying Pri-Har's motion for recusal.

Upon review of the district court record and the parties' briefs, we find no reversible error.

**AFFIRMED.**