**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RAYMOND A. ROLES,
                    *Plaintiff-Appellant,*

          v.

LEE MADDOX,
                    *Defendant-Appellee.*

No. 04-35280

D.C. No.
CV-02-00304-LMB

OPINION

Appeal from the United States District Court
for the District of Idaho
Larry M. Boyle, Magistrate Judge, Presiding

Submitted February 9, 2006*
Seattle, Washington

Filed February 28, 2006

Before: Edward Leavy, Pamela A. Rymer and
Raymond C. Fisher, Circuit Judges.

Opinion by Judge Fisher

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Raymond A. Roles, Boise, Idaho, pro se plaintiff-appellant.

Kirtlan G. Naylor and Carlton R. Ericson, Naylor, Hales & McCreedy, P.C., Boise, Idaho, for the defendant-appellee.

## OPINION

FISHER, Circuit Judge:

Raymond Roles ("Roles"), a prisoner appearing pro se, appeals the district court's dismissal of his § 1983 complaint asserting First and Fourteenth Amendment claims because he failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a), enacted by the Prison Litigation Reform Act of 1995 ("PLRA"), § 803(d) Pub. L. No. 104-134, 110 Stat. 1321 (1996). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust, *Ngo v. Woodford*, 403 F.3d 620, 622 (9th Cir. 2005), and affirm.

Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2005). This appeal raises two questions: *first*, whether § 1997e(a) applies to prisoners, like Roles, held in private prisons; and *second*, if so, whether the confiscation of magazines is a "prison condition," such that exhaustion is required.

## I.  Background

Roles is incarcerated in the Idaho Correctional Center ("ICC"), a prison operated by a private corporation, the Corrections Corporation of America, Inc. ("CCA"), under contract with the Idaho Department of Correction. Roles claims that a CCA employee confiscated eight magazines from his cell, allegedly because he had kept them for more than six months. Roles argues that the seizure of the magazines violated his constitutional rights and Idaho law. Invoking § 1997e(a), the district court dismissed the suit because Roles had not exhausted the prison's internal grievance procedures to try to resolve his complaint. Roles acknowledges that he did not do so, but argues that the PLRA exhaustion rule does not apply because he is being held in a private rather than a state-owned prison and, in any event, confiscation of magazines is not a prison condition.

As have our sister circuits, we hold that the PLRA's exhaustion requirement applies with equal force to prisoners held in private prisons. Our conclusion is consistent with the plain language of the statute and the purpose of the exhaustion requirement. We further hold that confiscation of magazines is a prison condition to which the exhaustion requirement applies.

## II.  Applicability of Exhaustion Rule

**[1]** "In determining the scope of a statute, we look first to its language, giving the words used their ordinary meaning." *Moskal v. United States*, 498 U.S. 103, 108 (1990) (internal citation and quotation marks omitted). The plain language of

§ 1997e(a) makes clear that the exhaustion rule is to apply to all prisons, state owned or otherwise. *See* 42 U.S.C. § 1997e(a) (". . . by a prisoner confined in *any* jail, prison, or other correctional facility until such administrative remedies as are available are exhausted") (emphasis added). The congressional purpose in enacting § 1997e(a), rooted in conservation of judicial resources through alternative dispute resolution, provides additional support for our conclusion. *See Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."); *see also Ngo*, 403 F.3d at 624 (stating that the principle purposes of administrative exhaustion rules are "to protect an administrative agency's authority by giving the agency the first opportunity to resolve a controversy before a court intervenes in the dispute" and "to promote judicial efficiency").

**[2]** As our sister circuits have concluded, also relying on the language of the statute and congressional intent, § 1997e(a)'s exhaustion requirement plainly applies to private prisons. *See Pri-Har v. Corr. Corp. of Am.*, 2005 U.S. App. LEXIS 24952 at *4 (11th Cir. 2005) (unpublished) ("By its terms, § 1997e(a) applies to prisoners confined in 'any' prison. Accordingly, § 1997e(a) applies to federal criminal prisoners in any prison, regardless of whether it is a federal prison or a privately operated facility."); *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2004) ("We are persuaded that the PLRA's exhaustion requirement applies to prisoners held in private facilities."); *Ross v. County of Bernalillo*, 365 F.3d 1181, 1184 (10th Cir. 2004) ("Nothing in the language or policy of the PLRA excuses prisoners in privately operated institutions from exhausting available administrative remedies.").

### III.  Prison Conditions

**[3]** The PLRA itself does not define prison conditions, but the Supreme Court has broadly construed the term. In *Porter*, the Court held, "[T]he PLRA's exhaustion requirement applies to *all inmate suits about prison life*, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." 534 U.S. at 532 (emphasis added). Our court and others have treated various prisoner claims as challenges to prison conditions requiring exhaustion, ranging from claims of harassment by prison officials, *Bennett v. King*, 293 F.3d 1096 (9th Cir. 2002), to complaints about the availability of Spanish language interpreters, *Castano v. Neb. Dep't of Corr.*, 201 F.3d 1023 (8th Cir. 2000). *See also Presier v. Rodriguez*, 411 U.S. 475, 498-99 (1973) (characterizing the confiscation of prisoner's legal materials as a "condition[ ] of . . . prison life"); *Gibson v. Goord*, 280 F.3d 221 (2d Cir. 2002) (requiring exhaustion for a challenge to accumulation of water in cell and exposure to second-hand smoke); *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999) (holding an allegation that prison officials violated the prisoner's equal protection rights by treating him more roughly than they treated a white inmate was one concerning a prison condition). In light of the broad interpretation of the term, we conclude that Roles' claim is one concerning a prison condition that is properly subject to § 1997e(a)'s exhaustion requirement.[1]

**[4]** Because Roles failed to exhaust his claims, the district court's dismissal of his complaint without prejudice is **AFFIRMED**.

---

[1]Requiring Roles first to exhaust his administrative remedies clearly serves the PRLA's purpose. For example, had Roles utilized the internal grievance procedure to complain about the confiscation, CCA might well have taken the opportunity to correct any improper behavior. *See Porter*, 534 U.S. at 525 ("In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation.").