[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15168
Non-Argument Calendar
_____

D. C. Docket No. 02-23142-CV-UUB

GEORGE LYONS,

Plaintiff-Appellant,

versus

DAISY SERRANO,
DURA DURADO,
SONIA OSSO,

Defendants-Appellees,

TRINITY SERVICES GROUP, INC.,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 18, 2006)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Proceeding pro se, George Lyons, a Florida state prisoner confined at Jackson Correctional Institution, appeals the district court's grant of summary judgment in favor of Daisey Serrano, Dura Durado, and Sonia Osso, based on Lyons's failure to exhaust administrative remedies as to his race discrimination claim. Although the district court found that Lyons failed to exhaust his administrative remedies because there was no evidence that the Secretary of the Florida Department of Corrections had received an appeal, we conclude that Lyons failed to identify his racial discrimination claim in his earlier grievances and AFFIRM on that ground.

## I. BACKGROUND

Trinity Services Group, Inc., was a food services contractor for Everglade Correctional Institution, and Serrano, Durado, and Osso were employed as supervisors at the prison. Lyons claimed that while he was employed in food service at Everglade, Serrano hired only Spanish speaking supervisors and discriminated racially. Lyons also claimed that Serrano removed Lyons from food service because he complained about discrimination. Allegedly, Durado and Osso discriminated by giving Spanish inmates whatever they wanted, while saying that

2

African Americans, like Lyons, were dishonest.

Lyons filed multiple grievances concerning this behavior, alleging that prison officials (1) favored Hispanic prisoners in job assignments and (2) retaliated against Lyons for complaining about these alleged discriminatory practices. The issue presented in this case is whether Lyons exhausted the administrative remedies provided by the state prior to filing suit. Generally, the state requires an inmate to file an informal grievance with the offending officer, then a formal grievance with the warden or deputy warden, and finally an appeal to the Secretary of the Florida Department of Corrections ("DOC"). These steps must be taken with regard to every claim in order to exhaust the remedies as to that claim.

During the pendency of the case, the district court issued a scheduling order requiring all dispositive motions be filed by 7 June 2004. On 27 June 2005, the district court issued an order allowing both parties leave to file, by 1 July 2005, renewed motions for summary judgment on the issue of whether Lyons exhausted his administrative remedies.

The defendants' summary judgment brief argued that Lyons's numerous grievances could not be connected in order to complete the three steps necessary for Lyons to exhaust his administrative remedies for either of his claims; that is, they argued that it was not clear that Lyons followed the steps of informal

grievance, formal grievance, then appeal with respect to each claim. In support of their argument that Lyons did not properly appeal his grievances to the secretary of the DOC, the defendants attached an affidavit by the record custodian of inmate appeals for the DOC, averring that Lyons did not file any appeals to the DOC Secretary between 28 July 2002 to 11 December 2002. The custodian stated that Lyons had filed 55 other appeals outside that period. Lyons stated that he had exhausted his administrative remedies and provided a sworn affidavit averring that he had filed every grievance that he had provided as evidence in his case.

The record contains Lyons's copies of the grievances that he filed with Everglade authorities. An informal grievance, dated 15 August 2002, stated that Lyons had previously filed an informal grievance relating to Serrano but that he had received no response. A formal grievance, dated 25 August 2002, stated that Lyons had received no response from a previous informal grievance. The warden responded, stating that he had previously addressed the issue and would not take action on the grievance. Lyons filed an appeal to the Secretary of the Florida Department of Corrections on 28 August 2002, stating that he had filed several informal grievances regarding the defendants' acts of racial discrimination but had not received answers.[1]

---

[1] Lyons filed another series of grievances but failed to appeal this line of grievances to the Secretary of the DOC. Among them, he filed an informal grievance from 30 September

4

The district court granted the defendants' motion for summary judgment, finding that Lyons's claim of retaliation was based upon his dismissal nine days before he filed this lawsuit and finding that Lyons did not submit any grievance relating to his retaliation claim before filing this lawsuit. Therefore, the court concluded, Lyons had not exhausted his administrative remedies for that claim. The district court also found that Lyons did not show that, before filing his suit, he had filed an appeal of his racial discrimination grievance that was denied by the Florida DOC Secretary or that any evidence indicated that he actually had submitted an appeal to the DOC Secretary. The district court concluded that Lyons did not exhaust his administrative remedies and granted the defendants' summary judgment motion.

Lyons argues on appeal that the district court abused its discretion by allowing the defendants to file an untimely motion for summary judgment after the

2002, which stated that the defendants racially discriminated against African American inmates. Lyons filed an informal grievance on 5 October 2002, accusing the defendants of racial discrimination, and the prison official referred Lyons to a prior response. In a 21 October 2002 informal grievance, Lyons asked why he had been removed from food service. Prison officials responded that food service managers had requested Lyons's removal. A second 21 October 2002 informal grievance stated that the defendants had retaliated against Lyons's grievances by removing him from food service. Prison officials responded on 28 October 2002 that his removal did not amount to retaliation, Lyons did not specify how the defendants harassed him, and his removal was in the best interests of all parties. Lyons's third informal grievance of 21 October alleged that Serrano had put all new Spanish inmates in good jobs. Lyons filed no other grievances or appeals before filing this lawsuit on 24 October 2002. We do not consider these grievances or any others filed after the initiation of the lawsuit, as they are not properly exhausted.

close of discovery, after it had previously denied appellees' motion to dismiss his complaint on exhaustion grounds. Lyons also claims that the district court abused its discretion by denying his motion for summary judgment because he proved that he exhausted his administrative remedies.

## II. DISCUSSION

We review de novo a district court's grant of summary judgment, viewing all evidence and inferences in the light most favorable to the nonmoving party. Burton v. Tampa Hous. Auth., 271 F.3d 1274, 1276–77 (11th Cir. 2001). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). "Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." Burton, 271 F.3d at 1277.

In the context of a motion for summary judgment, the moving party bears the initial burden of proving that there is no genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). If this burden is met, the nonmoving party may not rest on his pleadings, but must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to

6

interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial" in order to avoid summary judgment. Id. at 324, 106 S. Ct. at 2553 (quotations omitted).

Although the "facts alleged in an inmate's sworn pleading are sufficient" to defeat a motion for summary judgment and "a separate affidavit is not necessary," conclusory allegations are legally insufficient to defeat summary judgement. See Sammons v. Taylor, 967 F.2d 1533, 1544–45 & n.5 (11th Cir. 1992). First, we address the timing of the motions for summary judgment. Second, we address the merits of the district court's ruling.

A. Timing of Motions for Summary Judgment

Federal Rule of Civil Procedure 56(a) allows a plaintiff to file a motion for summary judgment any time after 20 days have elapsed from the time that he filed suit. Rule 56 also allows a defendant to file a motion for summary judgment at any time. Fed. R. Civ. P. 56(b). Thus, Rule 56 does not prohibit parties from filing motions for summary judgment after the close of discovery. The rules require a district court to enter a scheduling order that limits the time to file motions. Fed. R. Civ. P. 16(b)(2). This schedule may be modified upon a showing of good cause and with the leave of the district court. Fed. R. Civ. P. 16(b).

7

Lyons argues that the district court abused its discretion in allowing the parties to file "untimely" motions for summary judgment after denying the defendants' motion to dismiss. The record shows that the district court originally required the parties to file motions for summary judgment by 7 June 2004. The district court then granted both parties leave to file renewed motions for summary judgment within a seven-day period ending on 1 July 2005, and appellees filed a timely motion. Further, the district court set trial in the matter for 26 September 2005, more than two months after motions for summary judgment were due. Because more than twenty days had elapsed since Lyons filed his complaint when the district court granted the parties leave to renew their motions for summary judgment and because Rule 56 provides that defendants may file a summary judgment motion at any time, the district court did not err in allowing new motions for summary judgment after denying the defendants' motion to dismiss.

B. Merits of the Summary Judgment Decision

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42

U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002). Exhaustion of administrative remedies is a precondition to the filing of a § 1983 suit in federal district court. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001) (per curiam).

In determining whether a prisoner exhausted his administrative remedies, a district court need not evaluate the effectiveness of the remedy, but whether a remedy was available. Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998). Exhaustion requires that "when a state provides a grievance procedure for its prisoners . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000).

The Florida DOC has an inmate grievance procedure, which requires an inmate first to file an informal grievance with the person responsible for the particular problem. Fla. Admin. Code Ann. r. 33-103.005(1) (2001). Next, if an inmate desires review of the answer to an informal grievance, he must file a formal grievance directed to the warden or deputy warden of his facility. Id. r. 33-

9

103.006. Lastly, the inmate may file an appeal of his grievance to the DOC Secretary. Id. r. 33-103.007. The DOC Secretary has 30 days to respond to an inmate's appeal. Id. r. 33-103.011(3)(c).

Unless the inmate has agreed, in writing, to an extension, expiration of a time limit at any step in the process entitles the inmate to proceed to the next step of the grievance process. Id. r. 33-103.011(4). If an inmate does not agree to an extension of time at the central office level of review, he is entitled to proceed with judicial remedies because he has exhausted his administrative remedies. Id. Lyons presents two claims, which we address in turn.

1. Retaliation

The district court did not err in concluding that Lyons failed to exhaust his administrative remedies concerning his retaliation claim. Lyons was removed from food service on 16 October 2002. He filed an informal grievance on 21 October 2002, stating that his removal was an act of retaliation. Lyons then filed this lawsuit on 24 October 2002, three days before prison officials responded to the informal grievance. There is no evidence in the record that Lyons filed a formal grievance or an appeal to the Secretary of the Florida DOC concerning retaliation before filing this suit. Therefore, Lyons did not exhaust his administrative

remedies before filing his 42 U.S.C. § 1983 suit, as required by 42 U.S.C. § 1997e(a).

2. Equal Protection

Regarding the equal protection claim, Lyons filed an informal grievance against Serrano on 15 August 2002. Lyons then filed a formal grievance on 25 August 2002. Neither grievance mentioned racial discrimination, rather, the grievances addressed the failure of prison officials to respond to previous grievances.[2] Lyons claims that he filed an appeal to the Florida DOC Secretary on 28 August 2002, referencing the defendants' alleged racial discrimination and the failure of prison officials to respond to his previous grievances.

The district court concluded that Lyons failed to show that he appealed his formal grievance to the Secretary of the DOC. We need not reach the issue of whether Lyons's sworn affidavit, which claims that he properly filed every grievance in the record, would be sufficient to create an issue of fact, making

---

[2] The defendants submitted the original grievance with their motion for summary judgment. That grievance complained that Serrano was not judging the inmates' work performance but rather was doling out better assignments based on "those who are friends or homeboys" of certain inmates. R2-98 Exh. B at 2. Thus, even if we allowed this unresponded to grievance to connect to the grievances complaining of no response, that earlier grievance does not explicitly allege racial discrimination.

11

resolution of this issue on summary judgment inappropriate.[3] We conclude that the Florida regulations required Lyons to specify the nature of his grievance and that there is no evidence of an informal or formal grievance regarding racial discrimination prior to the contested appeal to the Secretary of the Florida DOC. Because the evidence does not support the conclusion that Lyons followed the state's procedures for exhausting his administrative remedies, Lyons's claim may not be brought in federal court because of the limiting language of the PLRA.

## III. CONCLUSION

Lyons has appealed the district court's grant of summary judgment in favor of Serrano, Durado, and Osso, based on his failure to exhaust administrative remedies. Although the district court found that Lyons failed to exhaust his administrative remedies because there was no evidence that the Secretary of the DOC had received an appeal, we conclude that Lyons failed to identify his racial discrimination claim in his earlier grievances and affirm on that ground.

**AFFIRMED**.

---

[3] "We may affirm a decision on any adequate grounds, including grounds other than the grounds upon which the district court actually relied." Rowe v. Schreiber, 139 F.3d 1381, 1382 n.2 (11th Cir. 1998).

12