Arthur Lee **HENDERSON, Sr.**

v.

**Robert L. AYERS, Jr.**

**No. CV 06–4348 SJORC.**

United States District Court, C.D. California.

Feb. 22, 2007.

Arthur Lee Henderson, Sr., Pro se.

Mina K. Choi, Deputy Attorney General, Office of Attorney General of the State of California, Los Angeles, CA, for Defendant.

PROCEEDINGS: (IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

CHAPMAN, United States Magistrate Judge.

On October 12, 2006, defendant Robert L. Ayers, Jr. filed a motion to dismiss plaintiff's complaint, on October 27, 2006, plaintiff filed an opposition to the motion, and on November 6, 2006, plaintiff filed a supplemental opposition. Defendant Ayers did not file a reply.

## BACKGROUND

On July 13, 2006, plaintiff Arthur Lee Henderson, Sr.,[1] a state prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint under 42 U.S.C. § 1983 against defendant Robert L. Ayers, Acting Warden of the California State Prison, Los Angeles County ("CSP–LAC"), in his individual and official capacities, claiming defendant Ayers has denied plaintiff his right to attend Friday Islamic prayer services. Complaint at 5. Plaintiff seeks injunctive relief stopping defendant Ayers from denying him "access to Friday Islamic Services[.]" Complaint at 6.

## DISCUSSION

### I

■ The Prison Litigation Reform Act of 1995 ("PLRA") requires the exhaustion of administrative remedies in the following circumstances:

No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

1. Although plaintiff at several points in his complaint refers to "plaintiffs," and at one point describes his complaint as a "class ac-

42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002); *Roles v. Maddox,* 439 F.3d 1016, 1018 (9th Cir.), *cert. denied,* —— U.S. ——, 127 S.Ct. 232, 166 L.Ed.2d 183 (2006). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record." *Jones v. Bock,* —— U.S. ——, ——–——, 127 S.Ct. 910, 914–15, 166 L.Ed.2d 798 (2007); *Woodford v. Ngo,* —— U.S. ——, ——, 126 S.Ct. 2378, 2388, 165 L.Ed.2d 368 (2006).

■ The exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." *Ngo,* 126 S.Ct. at 2382, 2387. Rather, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 2386.

■ "[F]ailure to exhaust is an affirmative defense under the PLRA, and ... inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones,* 127 S.Ct. at 921; *Wyatt v. Terhune,* 315 F.3d 1108, 1119 (9th Cir.), *cert. denied,* 540 U.S. 810, 124 S.Ct. 50, 157 L.Ed.2d 23 (2003). Rather, failure to exhaust administrative remedies should be

tion," Arthur Lee Henderson, Sr. is the only plaintiff in this action.

raised in an unenumerated Rule 12 motion, and "defendants have the burden of raising and proving the absence of exhaustion." *Wyatt,* 315 F.3d at 1119; *Brown v. Valoff,* 422 F.3d 926, 936 (9th Cir.2005). "In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt,* 315 F.3d at 1119–20.

Title 15 of the California Code of Regulations ("C.C.R.") sets forth the administrative remedies or grievance procedure available for inmates in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). With certain exceptions not relevant here,[2] "[a]ny inmate or parolee under the [CDCR's] jurisdiction may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." 15 C.C.R. § 3084.1(a). To exhaust administrative remedies, an inmate must first attempt to informally resolve the problem with the staff member involved in the action or decision. 15 C.C.R. §§ 3084.2(b), 3084.5(a). This informal level of review may be waived in certain enumerated circumstances, including when the grievance claims employee misconduct. *See* 15 C.C.R. §§ 3084.5(a)(3), 3084.7. If not informally resolved, the inmate must submit a formal appeal to the appeals coordinator; however, this first formal level may be bypassed in limited circumstances, such as an appeal of a policy or procedure implemented by the CDCR or warden or an appeal of a serious disciplinary infraction. 15 C.C.R. § 3084.5(b). If the problem remains unresolved, the next step is second-level formal review, which is conducted by the warden or regional parole administrator or his designee. 15 C.C.R. § 3084.5(c),

(e)(1). Finally, the inmate must submit a formal appeal for third-level review to the CDC director's designated representative. 15 C.C.R. § 3084.5(d), (e)(2).

■ Here, on March 31, 2004, plaintiff filed a grievance on behalf of himself (and other inmates) requesting he be released from work and/or educational assignments "to attend Friday Islamic prayer services." Plaintiff's Supplemental Opposition, Exh. 1 at 3. The informal and first levels of review were bypassed, and on June 10, 2004, plaintiff's appeal was denied at the second-level of review. *Id.* at 2–3. Thereafter, on September 10, 2004, N. Grannis, the Chief of the Inmate Appeals Branch, denied plaintiff's grievance at the third-level of review, stating:

> There is no evidence that supports the [plaintiff's] contention that staff are violating any regulation or legislation by not permitting Muslim inmates to leave their job assignments to attend a routine religious service.... Further review at the Director's Level of Review is not warranted.... This decision exhausts the administrative remedy available to the appellant within [CDCR].

*Id.* at 1; Declaration of N. Grannis, ¶¶ 6–7.

■ Despite the foregoing procedural history, defendant Ayers contends plaintiff has not exhausted his grievance because he did not specifically name defendant Ayers in the grievance.[3] This contention is specious since "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Jones,* 127 S.Ct. at 923. Rather, "[c]ompliance with prison grievance procedures is all that is required by the PLRA to 'properly exhaust[.]'" *Id.* at 922–23. Moreover, defendant Ayers has not cited

---

2. *See* 15 C.C.R. § 3084.2(e).

3. It is unclear whether defendant Ayers was the acting warden at CSP–LAC when plaintiff's grievance was processed.

any administrative regulation or legal authority to support this contention. *See id.* at 923 ("As the [Michigan Department of Corrections's] procedures make no mention of naming particular officials, the Sixth Circuit's rule imposing such a prerequisite to proper exhaustion is unwarranted."). Thus, defendant Ayers has not met his burden of demonstrating non-exhaustion.

## II

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted when it is clear the plaintiff can prove no set of facts in support of a claim that would entitle him to relief. *Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989); *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Hearns v. Terhune,* 413 F.3d 1036, 1043 (9th Cir.2005). In considering the motion to dismiss, the Court must accept the allegations of the complaint as true. *Albright v. Oliver,* 510 U.S. 266, 267, 114 S.Ct. 807, 810, 127 L.Ed.2d 114 (1994); *Hishon,* 467 U.S. at 73, 104 S.Ct. at 2232; *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir.2005). The Court also must construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404 (1969); *Berg v. Popham,* 412 F.3d 1122, 1125 (9th Cir. 2005). Moreover, pro se pleadings are held to a less stringent standard than those drafted by a lawyer, *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)(per curiam); *Jackson v. Carey,* 353 F.3d 750, 757 (9th Cir.2003), and "a complaint should not be dismissed if it states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory." *Haddock v. Bd. of Dental Examiners of Cal.,* 777 F.2d 462, 464 (9th Cir.1985); *see also McCalden v.*

*Cal. Library Ass'n,* 955 F.2d 1214, 1223 (9th Cir.1990) (A plaintiff "is not required to state the statutory or constitutional basis for his [Section 1983] claim, only the facts underlying it."), *cert. denied,* 504 U.S. 957, 112 S.Ct. 2306, 119 L.Ed.2d 227 (1992).

Additionally, when a plaintiff is proceeding in forma pauperis, the PLRA requires this Court to dismiss a case at any time it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Anderson v. Angelone,* 123 F.3d 1197, 1199 (9th Cir.1997); *Marks v. Solcum,* 98 F.3d 494, 495 (9th Cir.1996) (per curiam).

## III

■ The plaintiff has sued defendant Ayers in both his official and individual capacities. A suit against a public employee in his official capacity is equivalent to a claim against his employer, which in this case is the State of California. *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); *Butler v. Elle,* 281 F.3d 1014, 1023 n. 8 (9th Cir.2002). Defendant Ayers contends the Eleventh Amendment bars plaintiff's claims against him in his official capacity. However, plaintiff's complaint seeks only prospective injunctive relief to remedy an alleged civil rights violation, and the Eleventh Amendment "does not preclude a suit against state officers for prospective relief from an ongoing violation of federal law." *Children's Hospital and Health Ctr. v. Belshe,* 188 F.3d 1090, 1095 (9th Cir.1999), *cert. denied,* 530 U.S. 1204, 120 S.Ct. 2197, 147 L.Ed.2d 233 (2000); *Ex Parte Young,* 209 U.S. 123, 159–60, 28 S.Ct. 441, 454, 52 L.Ed. 714 (1908); *see also Wilbur v. Locke,* 423 F.3d 1101, 1111 (9th Cir.2005) ("'Since the Supreme Court's decision in

*Ex parte Young*, ... courts have recognized an exception to the Eleventh Amendment bar for suits for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law.'" (citations omitted)), *cert. denied,* —— U.S. ——, 126 S.Ct. 1338, 164 L.Ed.2d 53 (2006); *Mayweathers v. Newland,* 314 F.3d 1062, 1069–70 (9th Cir.2002) (Eleventh Amendment does not bar Muslim inmates' suit for injunctive relief against various California prison officials for violating their religious rights), *cert. denied,* 540 U.S. 815, 124 S.Ct. 66, 157 L.Ed.2d 30 (2003). Therefore, the motion to dismiss plaintiff's claims against defendant Ayers in his official capacity should be denied.[4]

## IV

■ The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")[5] provides, in pertinent part, that:

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—[¶] (1) is in furtherance of a compelling governmental interest; and [¶] (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc–1(a). RLUIPA defines religious exercise to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc–5(7)(A). "A person may assert a violation of [the RLUIPA] as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." 42 U.S.C. § 2000cc–2(a).

Plaintiff claims he has been denied excused time-off work to attend Friday Islamic prayer services, as his religion requires, and he has been subject to progressive discipline, including loss of privileges, for attempting to attend these prayer services. Complaint at 5–6. Broadly construed, these claims are sufficient to allege an RLUIPA violation. *See,* e.g., *Warsoldier v. Woodford,* 418 F.3d 989, 994–95 (9th Cir.2005) ("[P]unishments to coerce a religious adherent to forgo her or his religious beliefs is an infringement on religious exercise[,]" and a prison policy that "intentionally puts significant pressure on inmates ...

---

4. Fed.R.Civ.P. 11(b) states, in pertinent part, that:

By presenting to the court ... a pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances—[¶] (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) *the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law* ....

Fed.R.Civ.P. 11(b)(1)-(2) (emphasis added). Here, it is difficult to see how defendant

Ayer's Eleventh Amendment contention complies with Rule 11. Defendant Ayers neither cites controlling Supreme Court precedent— *Ex Parte Young*—nor a Ninth Circuit case rejecting an Eleventh Amendment argument in nearly identical circumstances—*Mayweathers* (though the case is later cited in counsel's discussion of the merits of plaintiff's claim). This is either a deliberate attempt to mislead the Court or a rote insertion of a "canned" argument automatically triggered by plaintiff's suit against the defendant in his official capacity. In either event, defendants' counsel has not lived up to his responsibilities under Rule 11.

5. In his opposition to the motion to dismiss, plaintiff clarifies his claim is brought under the RLUIPA. *See* Opposition at 4.

to abandon their religious beliefs ... imposes a substantial burden on [the inmates'] religious practice."); *Mayweathers v. Newland*, 258 F.3d 930, 933, 937–39 (9th Cir.2001) (affirming preliminary injunction against California prison administrators forbidding them "from disciplining Muslim inmates for missing work to attend hour-long Friday Sabbath services called Jumu'ah").

■ Similarly, "[i]nmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *Shabazz*, 482 U.S. at 348, 107 S.Ct. at 2404 (citations omitted); *Cruz v. Beto*, 405 U.S. 319, 322 & n. 2, 92 S.Ct. 1079, 1080 & n. 2, 31 L.Ed.2d 263 (1972) (per curiam); *Henderson v. Terhune*, 379 F.3d 709, 712 (9th Cir.2004). To plead a violation of the First Amendment's free exercise clause, a plaintiff must merely allege that "defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith." *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir.1997). Plaintiff's allegations, detailed above, are more than sufficient to allege a First Amendment violation. *Mayweathers*, 258 F.3d at 937–38.

■ Nevertheless, defendant Ayers contends plaintiff's complaint must be dismissed because plaintiff has failed to plead facts showing causation. Motion to Dismiss at 9:5–10:1. However, plaintiff's pro se complaint alleges defendant Ayers "is and has been" the acting warden at CSP–LAC and "it is and has been his responsibility to see to policies that do not unduly [sic] violate the ... rights of prison[ers] to religious worship." Complaint at 3; *see also* 15 C.C.R. § 3380(a) ("The warden or superintendent of an institution of the department is the chief executive officer of that institution, and is responsible for the custody, treatment, training and discipline of all inmates under his or her charge.").

This is more than sufficient to allege a causal connection between plaintiff's alleged injury and defendant Ayers. *Mayweathers*, 258 F.3d at 933–39.

■ Finally, defendant Ayers contends he is entitled to qualified immunity. However, this argument is without merit since, as noted above, plaintiff seeks only injunctive relief and "qualified immunity is only an immunity from a suit for damages, and does not provide immunity from suit for declaratory or injunctive relief." *Hydrick v. Hunter*, 466 F.3d 676, 690 (9th Cir. 2006); *Vance v. Barrett*, 345 F.3d 1083, 1091 n. 10 (9th Cir.2003).

### ORDER

For the reasons set forth above, defendant Ayers's motion to dismiss **IS DENIED**, and defendant Ayers **IS ORDERED** to answer plaintiff's complaint no later than thirty (30) days of the date of this Order.