WILSON, Circuit Judge,
concurring in part, dissenting in part:
I concur in the majority’s opinion with respect to Gregory Bryant. I do not think, however, that the majority’s opinion in Part II-A can be reconciled with the recent Supreme Court decision in Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).
In Jones, the Chief Justice, writing for a unanimous Supreme Court, overturned several judicially-created procedural rules adopted by courts to implement the PLRA’s exhaustion requirement. Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Several circuits had begun treating exhaustion under the PLRA as a special pleading requirement that the prisoner must sufficiently demonstrate in his complaint. See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir.1998); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir.1998) (per curiam). Jones expressly overturned this practice, stressing that the courts should not have departed from their “usual practice under the Federal Rules on the basis of perceived policy concerns.” Jones, 549 U.S. at-, 127 S.Ct. at 919-20. It noted that “when Congress mean[s] to depart from the usual procedural requirements, it [does] so expressly,” id. at 921, and when the PLRA is silent on a procedural issue “the usual practice should be followed,” id. at 919. The Court made it clear that crafting and imposing procedural rules that are not required by the PLRA “exceeds the proper limits on the judicial role.” Id. at 914.
Failure to exhaust under the PLRA is an affirmative defense the defendant must plead and prove. Id. at 915. It is subject to the usual procedural practice. Id. at 919.
Our usual practice is to consider affirmative defenses, such as failure to exhaust *1380 administrative remedies or statute of limitations,[1] on summary judgment pursuant to Federal Rule of Civil Procedure 56.[2] See, e.g., Carmichael v. Nissan Motor Acceptance Corp., 291 F.3d 1278, 1279 (11th Cir.2002) (per curiam) (statute of limitations); Morton’s Mkt., Inc. v. Gustafson’s Dairy, Inc., 198 F.3d 823, 828-29 (11th Cir.1999) (same); Goebert v. Lee County, 510 F.3d 1312, 1322 (11th Cir.2007) (failure to exhaust under the PLRA); Miller v. Tanner, 196 F.3d 1190, 1192 n. 5 (11th Cir.1999) (same); Stewart v. Booker T. Washington Ins., 232 F.3d 844, 846 (11th Cir.2000) (failure to exhaust under Title VII); accord Ruggiero v. County of Orange, 467 F.3d 170, 173 (2d Cir.2006) (failure to exhaust under the PLRA).
A district court should not grant summary judgment where genuine issues of material fact exist about an affirmative defense. See Fed.R.Civ.P. 56(c); see also Mason v. Bridger, 261 Fed.Appx. 225, 227-28 (11th Cir.2008) (unpublished) (failure to exhaust under the PLRA); Lyons v. Serrano, 205 Fed.Appx. 719, 722 (11th Cir.2006) (unpublished) (same); Pri-Har v. Corrs. Corp., 154 Fed.Appx. 886, 887 (11th Cir.2005) (unpublished) (same). This is our usual procedural practice with respect to affirmative defenses, whether it be the defense of statute of limitations, see, e.g., Morton’s Mkt., 198 F.3d at 833 (reversing the district court’s grant of summary judgment where genuine issue of material fact existed as to whether statute of limitations was tolled), or failure to exhaust under Title VII, see, e.g., Stewart, 232 F.3d at 846 (reversing the district court’s grant of summary judgment for failure to exhaust where genuine issue of material fact existed as to whether the exhaustion was timely).
The majority departs from our usual procedural practice by directing district courts to treat failure to exhaust not as an affirmative defense, but to consider it on a “motion to dismiss” not enumerated in Rule 12(b).[3] More strikingly, rather than submitting genuine issues of material fact to the jury, the majority compels district courts to decide these factual issues. Cf. Fed.R.Civ.P. 56(c).
As support for its position, the majority cites Ninth Circuit precedent, including Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. *1381 2003), which treats failure to exhaust under the PLRA as a matter in abatement, subject to an unenumerated Rule 12(b) motion to dismiss. Wyatt was decided, however, in light of long-standing Ninth Circuit precedent which treats exhaustion in other contexts under this particular procedural framework. See Ritza v. Int’l Longshoremen’s and Warehousemen’s Union, 837 F.2d 365, 368 (9th Cir.1988) (per curiam) (failure to exhaust contractual grievance procedures); Stauffer Chem. Co. v. Food & Drug Admin., 670 F.2d 106, 108 (9th Cir.1982) (failure to exhaust administrative remedies); Studio Elec. Technicians Local 728 v. Int’l Photographers of the Motion Picture Indus., Local 659, 598 F.2d 551, 552 n. 2 (9th Cir.1979) (failure to exhaust intra-union remedies). Thus, the Wyatt court did not depart from its usual procedural practice when considering exhaustion under the PLRA.[4]
This Court, on the other hand, has consistently treated exhaustion in other contexts on summary judgment, determining whether “there is no genuine issue of material fact.” Counts v. Am. Gen. Life and Accident Ins. Co., 111 F.3d 105, 108 (11th Cir.1997) (failure to exhaust administrative remedies under ERISA); Turner v. Am. Fed’n of Teachers Local 1565, 138 F.3d 878, 881-82 (11th Cir.1998) (failure to exhaust contractual remedies under the LMRA); Stewart, 232 F.3d at 846 (failure to exhaust administrative remedies under Title VII). The majority would subject exhaustion under the PLRA to an entirely different procedural framework than the one this Court applies to exhaustion in other contexts.
In light of the PLRA and Title VII’s purposes, I see no reason to treat exhaustion under each statute differently. Congress enacted the PLRA, in part, “to reduce the quantity and improve the quality of prisoner suits” and to “afford[ ] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.” Porter v. Nussle, 534 U.S. 516, 524-25, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002). Indeed, “in some instances, corrective action taken in response to an inmate’s grievance might ... obviat[e] the need for litigation.” Id. at 525, 122 S.Ct. 983. Likewise, in order to promote cooperation and voluntary compliance with Title VII, as opposed to litigation, Congress created an administrative framework to encourage parties to “settle disputes through conference, conciliation, and persuasion” before allowing the aggrieved party to file a lawsuit. Alexander v. Gardner-Denver Co., 415 U.S. 36, 44, 94 S.Ct. 1011, 1017, 39 L.Ed.2d 147 (1974). This Court treats failure to exhaust under Title VII on summary judgment, whereby a court “must avoid weighing conflicting evidence or making credibility determina *1382 tions.” Stewart, 232 F.3d at 848 (reversing a district court’s grant of summary judgment for failure to exhaust under Title VII due the existence of a genuine issue of material fact as to whether exhaustion was timely). I see no compelling reason to depart from this practice when dealing with failure to exhaust under the PLRA.
Furthermore, I am unaware of, and majority does not point out, any precedent wherein this Court has treated exhaustion, or any other affirmative defense, as a “matter in abatement,” directing a district court to decide genuine issues of material fact. Accordingly, by departing from our usual procedural practice with respect to exhaustion and other affirmative defenses, and treating exhaustion under the PLRA under this novel procedural framework, the majority adopts an approach that is in tension with Jones. See 549 U.S. at-, 127 S.Ct. at 919 (stressing that when the PLRA is silent on a procedural issue “the usual practice should be followed”).
Lastly, treating exhaustion on summary judgment does not undermine Congress’s intent in enacting the PLRA. A prisoner cannot defeat summary judgment by relying on sham affidavits, bare and self-serving allegations, or other evidence that is incredible as a matter of law. He must raise more than a mere scintilla of evidence in support of his position: in order to defeat summary judgment, there must be evidence on which the jury could reasonably find for the prisoner. Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir.1990) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)). In the vast majority of cases where the defendant raises exhaustion, a prisoner’s failure to exhaust will be clear. In these cases, summary judgment should be granted. In some cases, however, where enough evidence exists such that a jury could reasonably find that the prisoner has exhausted his available remedies, the court should abstain from weighing the evidence and deny summary judgment.

. In Jones, the Court analogized failure to exhaust to the affirmative defense of statute of limitations. 127 S.Ct. at 920-21.

. If, however, a plaintiff fails to make sufficient allegations in his complaint such that an affirmative defense appears on its face, his complaint may be subject to dismissal under Rule 12(b)(6). Jones, 127 S.Ct. at 921; Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir.2003) ("A complaint is subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim.”). On the other hand, once "matters outside the pleadings are presented,” as they were in this case, a motion for dismissal pursuant to 12(b)(6) is no longer appropriate, and "the motion must be treated as one for summary judgment under Rule 56.” Fed.R.Civ.P. 12(d).

. Although exhaustion under the PLRA is an affirmative defense, the majority regards it as "a matter of judicial administration,” likening it to lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, or ineffective service of process. Each of the latter defenses, however, are enumerated in Rule 12(b), Fed. R. Civ. Pro. 12(b)(l)-(4), while failure to exhaust is not. In the context of failure to exhaust under the PLRA, the Supreme Court has indicated that deviations from the usual procedural practice “must be obtained by the process of amending the Federal Rules, and not by judicial interpretation.” Jones, 127 S.Ct. at 922 (internal quotation marks omitted).

. It is also worth noting that several district courts have expressed concern that Wyattis irreconcilable with Jones. See Chatman v. Johnson, No. CIV S-06-0578 MCE EFB P, 2007 WL 2023544, at *3 (E.D.Cal. July 11, 2007) ("While the Ninth Circuit [in Wyatt] has stated that Rule 12(b) is the proper mechanism for resolving questions [of exhaustion under the PLRA] the reason underlying that decision has been undermined. \Wyatt\ found that failure to exhaust was a matter in abatement which should be raised in a motion made under 'unenumerated Rule 12(b).’ However, the United States Supreme Court [in Jones] recently clarified that failure to exhaust is an affirmative defense which defendant has the burden of pleading and proving. Federal courts appropriately consider affirmative defenses on summary judgment.” (citations and footnote omitted)); Gregory v. Adams, No. CIV S-05-1393 FCD EFB P, 2007 WL 2481769, at *3 (E.D.Cal. Aug.29, 2007) (same); Maraglia v. Maloney, 499 F.Supp.2d 93, 94 (D.Mass.2007); Lunney v. Brureton, No. 04 Civ. 2438(LAK)(GWG), 2007 WL 1544629, at *10 n. 4 (S.D.N.Y. May 29, 2007).