NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 02 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



ALAN MAPUATULI, on behalf of
himself and for all others in this District
similarly situated; et al.,

            Plaintiffs-Appellants,

 v.

JEFFERSON B. SESSIONS III, Attorney
General, in his capacity as United States
Attorney General; et al.,

            Defendants-Appellees.

No. 15-17292

D.C. No. 1:14-cv-00506-LEK-BMK

MEMORANDUM*

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted February 16, 2018
Honolulu, Hawaii

Before:  O'SCANNLAIN, CLIFTON, and IKUTA, Circuit Judges.

    Plaintiff-appellants Alan Mapuatuli, Gilbert Medina, and Gary Victor Dubin

appeal the district court's grant of summary judgment to Defendant-appellees

_____

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Jefferson B. Sessions, Charles Samuels, Jr., J. Ray Ormond, and Florence Nakakuni (sued in their official capacities as United States Attorney General, Director of the United States Bureau of Prisons (BOP), Warden of the Honolulu Federal Detention Center, and United States Attorney for the District of Hawaii, respectively). We affirm.

First, to the extent Plaintiffs are seeking reversal of their convictions, such relief is not available in this action. Relief from a criminal conviction must be sought on direct appeal of the conviction or through a habeas petition, not through a civil suit. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc).

Second, to the extent Plaintiffs are seeking to challenge the conditions of their confinement, Mapuatuli and Medina failed to exhaust their administrative remedies as required by the Prison Litigation Reform Act (PLRA). Under the PLRA, a prisoner or pretrial detainee may not bring a claim "with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2476 (2015) (noting that the PLRA "applies to both pretrial detainees and convicted prisoners). The Supreme Court has broadly construed the term "prison conditions," and has held that the exhaustion requirement applies even if the prisoner may not be able to receive the

precise relief he is seeking through those administrative procedures. *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002); *see also Roles v. Maddox*, 439 F.3d 1016, 1018 (9th Cir. 2006). Mapuatuli and Medina's complaints about the TRULINCS and CorrLinks systems relate to prison conditions, but they failed to exhaust the BOP's administrative process; indeed, there is no evidence that they filed any grievances at all. They therefore may not bring suit in federal court.[1]

Finally, Plaintiffs waived any claim that the district court erred in granting summary judgment to Defendants because they failed to address the district court's reasoning in their opening brief. When an appellant fails to raise an issue in his opening brief, we generally consider it waived. *See Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1148-49 (9th Cir. 2016). Here, Plaintiffs failed to so much as mention the district court's determination that Plaintiffs failed to exhaust their administrative remedies. Therefore, we consider any claim that the district court erred on this point waived.

**AFFIRMED**.

---

[1] Although Dubin's claim is not subject to the PLRA's exhaustion requirement, he lacks standing to raise a Sixth Amendment claim. *See Portman v. Cty. of Santa Clara*, 995 F.2d 898, 902 (9th Cir. 1993).